DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
CLEMENT S. ROBERTS (SBN 209203)
croberts@durietangri.com
RAGHAV R. KRISHNAPRIYAN (SBN 273411)
rkrishnapriyan@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

YOUNG BASILE HANLON & MACFARLANE, P.C.
JEFFREY D. WILSON (*Pro Hac Vice*)
wilson@youngbasile.com
ANDREW R. BASILE, JR. (SBN 208396)
abasile@youngbasile.com
3001 W. Big Beaver Road, Suite 624
Troy, Michigan 48084
Telephone: (248) 649-3333
Facsimile: (248) 649-3338

Attorneys for Plaintiff
PLEXXIKON INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PLEXXIKON INC., <br><br> Plaintiff, <br><br> v. <br><br> NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> Defendant. | Case No. 4:17-cv-04405-HSG <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER** <br><br> Date: November 30, 2017 <br> Time: 2:00 p.m. <br> Ctrm: 2 - 4th Floor <br> Judge: Honorable Haywood S. Gilliam, Jr. |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................................1

II. FACTUAL BACKGROUND .................................................................................................1

III. LEGAL STANDARD .............................................................................................................1

IV. ARGUMENT ..........................................................................................................................2

    A. Venue is Proper in this District Based on the Complaint's Undisputed Allegations ...........3

        1. The patent venue statute is not ambiguous and has no nexus requirement .............3

        2. The legislative history does not require a nexus .......................................................6

        3. There is no public policy reason to depart from the text .........................................8

        4. Under the proper interpretation of the statute, there is no dispute that venue is proper .....................................................................................................................9

    B. In the Alternative, Venue Discovery Is Warranted .............................................................10

V. CONCLUSION .....................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Can Co. v. Crown Cork & Seal Co.*,
　433 F. Supp. 333 (E.D. Wis. 1977) ............................................................................................. 5

*Avendano-Ramirez v. Ashcroft*,
　365 F.3d 813 (9th Cir. 2004) ....................................................................................................... 6

*Baeta v. Sonchik*,
　273 F.3d 1261 (9th Cir. 2001) ..................................................................................................... 2

*Bates v. United States*,
　522 U.S. 23 (1997) ....................................................................................................................... 3

*Best Life Assur. Co. of Cal. v. C.I.R.*,
　281 F.3d 828 (9th Cir. 2002) ....................................................................................................... 5

*Bibo v. Fed. Express, Inc.*,
　No. C07-2505 TEH, 2007 WL 2972948 (N.D. Cal. Oct. 10, 2007) ............................................ 9

*Bilski v. Kappos*,
　561 U.S. 593 (2010) ..................................................................................................................... 9

*Bourns, Inc. v. Allen-Bradley Co.*,
　No. 70 C 1992, 1971 WL 17177 (N.D. Ill. Apr. 5, 1971) ............................................................ 5

*Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.*,
　No. 17-379, 2017 WL 3980155 (D. Del. Sept. 11, 2017) ............................................................ 4

*Chadeloid Chem. Co. v. Chicago Wood Finishing Co.*,
　180 F. 770 (C.C.S.D.N.Y. 1910) ................................................................................................ 5

*City of Burbank v. United States*,
　273 F.3d 1370 (Fed. Cir. 2001) ................................................................................................... 9

*In re Cordis Corp.*,
　769 F.2d 733 (Fed. Cir. 1985) ..................................................................................................... 3

*In re Cray, Inc.*,
　871 F.3d 1355 (Fed. Cir. Sept. 21, 2017) ..................................................................... 3, 5, 9, 10

*In re Dumont*,
　581 F.3d 1104 (9th Cir. 2009) ..................................................................................................... 3

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
　545 U.S. 546 (2005) ..................................................................................................................... 7

*Ferguson v. Ford Motor Co.*,
    77 F. Supp. 425 (S.D.N.Y. 1948) ................................................................................................6

*Gaddis v. Calgon Corp.*
    449 F.2d (5th Cir. 1971) ..............................................................................................4, 5, 6

*Gilead Scis., Inc. v. Lee*,
    778 F.3d 1341 (Fed. Cir. 2015) ...................................................................................................7

*Gunter & Cooke, Inc. v. Southern Elec. Serv. Co.*,
    256 F. Supp. 639 (M.D.N.C. 1966), *aff'd*, 378 F.2d 60 (4th Cir. 1967) ..................................2

*In re Hall, Bayoutree Assocs., Ltd.*,
    939 F.2d 802 (9th Cir. 1991) ......................................................................................................2

*Hayashi v. Red Wing Peat Corp.*,
    396 F.2d 13 (9th Cir. 1968) .....................................................................................................10

*Jeffrey Galion, Inc. v. Joy Mfg. Co.*,
    323 F. Supp. 261 (N.D. W.Va. 1971) .........................................................................................6

*Milner v. Dep't of Navy*,
    562 U.S. 562 (2011) ....................................................................................................................7

*Murphy v. Schneider Nat'l, Inc.*,
    362 F.3d 1133 (9th Cir. 2004) ....................................................................................................1

*Oregon Nat. Res. Council, Inc. v. Kantor*,
    99 F.3d 334 (9th Cir. 1996) ........................................................................................................6

*Raytheon Co. v. Cray, Inc.*,
    -- F. Supp. 3d --, 2017 WL 2813896 (E.D. Tex. June 29, 2017) ...............................................3

*Scaramucci v. FMC Corp.*,
    258 F. Supp. 598 (W.D. Okla. 1966) .........................................................................................6

*Schnell v. Peter Eckrich & Sons, Inc.*,
    365 U.S. 260 (1961) ...........................................................................................................5, 6, 8

*Shelton v. Schwartz*,
    131 F.2d 805 (7th Cir. 1942) ......................................................................................................5

*Stanton Rd. Assocs. v. Lohrey Enters.*,
    984 F.2d 1015 (9th Cir. 1993) ....................................................................................................3

*Symbology Innovations, LLC v. Lego Sys., Inc.*,
    No. 2:17-cv-86, 2017 WL 4324841 (E.D. Va. Sept. 28, 2017) ..............................................2, 3

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017) ................................................................................................................3

*In re Tippett*,
   542 F.3d 684 (9th Cir. 2008) ..........................................................................................................5

*United States v. Johnson*,
   256 F.3d 895 (9th Cir. 2001) ..........................................................................................................5

*United States v. St. Anthony R.R. Co.*,
   192 U.S. 524 (1904) ........................................................................................................................5

*West Virginia Univ. Hosps., Inc. v. Casey*,
   499 U.S. 83 (1991), *superseded by statute as stated in Landgraf v. USI Film Prods.*,
   511 U.S. 244 (1994) ........................................................................................................................8

*Whitfield v. United States*,
   543 U.S. 209 (2005) ........................................................................................................................7

*Wi-LAN Inc. v. Lenovo (United States), Inc.*,
   No. 17cv365, 2017 WL 3194692 (S.D. Cal. Jul. 27, 2017) ...........................................................4

**Rules**

Fed. R. Civ. Proc. 12(b)(3) ....................................................................................................................1

**Statutes**

28 U.S.C.
   § 1400(b) ................................................................................................................................*passim*
   § 1404 .........................................................................................................................................2, 9
   § 1406(a) ........................................................................................................................................2

**Other Authorities**

29 Cong. Rec. 1900 (1897) ....................................................................................................................7

29 Cong. Rec. 1901 (1897) ....................................................................................................................8

29 Cong. Rec. 2719 (1897) ....................................................................................................................8

I.     INTRODUCTION

Venue is proper in this district and the case should proceed here.  The parties agree that a patent infringement action can be brought in a district "where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  Novartis neither denies that it has committed acts of infringement in this district nor that it has a regular and established place of business here.  Instead, it asks the Court to read in a third requirement found nowhere in the text of the venue statute:  that the regular and established place of business has been used to commit the acts of infringement.  The Court should decline the invitation and stick with the statutory text.

II.    FACTUAL BACKGROUND

This is a patent infringement case filed by Plexxikon, a pharmaceutical company based in Berkeley, California, against Novartis Pharmaceuticals Corporation ("Novartis").  *See* Compl. ¶ 2, ECF No. 1.  Novartis infringes U.S. Patent No. 9,469,640 by importing, selling, and offering for sale dabrafenib, marketed under the trade name Tafinlar®.  Although Novartis is incorporated in Delaware, it admits that it operates at least two facilities in the Northern District of California:  at 150 Industrial Rd., San Carlos, CA 94070 and 201 Industrial Rd., San Carlos, CA 94070.  *Id.* ¶¶ 5-6; Decl. Robert Gleeson Supp. Mot. Dismiss or Transfer ("Gleeson Decl.") ¶ 8, ECF No. 33-1.  Novartis's motion also does not dispute that Novartis sells dabrafenib to its distributor, McKesson Corporation, and that Novartis employs oncology sales representatives within this district.  Compl. ¶ 6; Def.'s Mot. Dismiss or Transfer ("Mot.") at 12:20-13:3, ECF No. 33.  Indeed, public information from the Centers for Medicare & Medicaid Services shows at least 69 payments made to doctors in the Northern District of California by sales representatives who are associated with Novartis and with Tafinlar®.  *See* Declaration of Raghav Krishnapriyan submitted herewith ("Krishnapriyan Decl."), Ex. A.

III.   LEGAL STANDARD

When a defendant moves to dismiss or transfer a case for improper venue under Federal Rule of Civil Procedure 12(b)(3), the Court may consider facts outside the pleadings but is "obligated to draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party."  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).  If venue is

improper, the court may either dismiss the case without prejudice or, if it is in the "interest of justice," transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991) (dismissal for improper venue must be without prejudice). Normally, the interest of justice requires transferring the case to the proper venue rather than dismissing the case. *See Baeta v. Sonchik*, 273 F.3d 1261, 1264-65 (9th Cir. 2001). "'The acts of infringement required to support venue in a patent infringement action need not be acts of direct infringement, and venue does lie if the defendant only induced the infringement or contributed to the infringement' in the forum." *Symbology Innovations, LLC v. Lego Sys., Inc.*, No. 2:17-cv-86, 2017 WL 4324841, at *7 (E.D. Va. Sept. 28, 2017) (quoting *Gunter & Cooke, Inc. v. Southern Elec. Serv. Co.*, 256 F. Supp. 639, 648 (M.D.N.C. 1966), *aff'd*, 378 F.2d 60 (4th Cir. 1967)).

## IV. ARGUMENT

Novartis advances three arguments for why the Court should require a nexus between its acts of infringement and its place of business in this district.

*First*, Novartis claims the venue statute is ambiguous and can be construed to require such a nexus. In fact, there is nothing ambiguous about the statute: it requires acts of infringement in the district and a regular and established place of business in the district but says nothing about any relationship between the two. The substantial majority of cases—including *every* case decided since the Supreme Court reestablished 28 U.S.C. § 1400(b) as the statute governing patent venue—have held that there is no "nexus" requirement between the two prongs of section 1400(b). Only two district court cases, both over 40 years old, have gone the other way.

*Second*, Novartis claims its position is supported by the legislative history, pointing to two floor statements from the late nineteenth century. Neither statement supports Novartis's position—and they would not form a basis for ignoring the statutory text even if they did.

*Third*, Novartis urges the Court to depart from the statutory text based on public policy concerns, like alleged inconvenience to its witnesses. But Congress has addressed those concerns in a separate statutory section, 28 U.S.C. § 1404. They provide no justification for redrafting 28 U.S.C. § 1400(b).

2
OPPOSITION TO MOTION TO DISMISS OR TRANSFER / CASE NO. 4:17-CV-04405-HSG

The Court should reject a reading of the statute that imposes an atextual "nexus" requirement. Once it does, there is no dispute that venue is proper in this district. And even were the law otherwise, Plexxikon would be entitled to take venue discovery to determine whether there is such a nexus here.

### A.     Venue is Proper in this District Based on the Complaint's Undisputed Allegations

#### 1.     The patent venue statute is not ambiguous and has no nexus requirement

Earlier this year, the Supreme Court held that the "sole and exclusive provision controlling venue in patent infringement actions" is 28 U.S.C. § 1400(b), which states that:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). Here, venue is proper under the second prong of the statute, which has two requirements: (1) the complaint alleges[1] that the defendant has committed acts of infringement in the district and (2) the defendant has a regular and established place of business there. To these requirements, Novartis seeks to add a third: that there be "a nexus between the alleged acts of infringement and the defendant's regular and established place of business." Mot. at 3:5-6.

Courts should "ordinarily resist reading words or elements into a statute that do not appear on its face." *Bates v. United States*, 522 U.S. 23, 29 (1997); *see also In re Dumont*, 581 F.3d 1104, 1111 (9th Cir. 2009) ("[W]here the language of an enactment is clear [or, in modern parlance, plain], and construction according to its terms does not lead to absurd or impracticable consequences, the words employed are to be taken as the final expression of the meaning intended." (alteration in original) (citation omitted)); *Stanton Rd. Assocs. v. Lohrey Enters.*, 984 F.2d 1015, 1020 (9th Cir. 1993) (holding that courts lack power to "read into the statute words not explicitly inserted by Congress."). Had Congress intended to impose a nexus requirement, it would have been easy enough to specify that venue

---

[1] "Although [§ 1400(b)] uses the phrase 'act of infringement,' courts have 'consistently held that an allegation of infringement is itself sufficient to establish venue and [the] plaintiff is not required to demonstrate actual infringement by [the] defendant [ ].'" *Symbology Innovations*, 2017 WL 4324841, at *7 (alterations in original) (quoting *Raytheon Co. v. Cray, Inc.*, -- F. Supp. 3d --, 2017 WL 2813896, at *4 (E.D. Tex. June 29, 2017), *mandamus granted, order vacated sub nom. In re Cray, Inc.*, 871 F.3d 1355 (Fed. Cir. Sept. 21, 2017)); *see also In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).

lies only where "the defendant has committed acts of infringement through a regular and established place of business." It did no such thing.

The great weight of authority has concluded that Congress meant what it said. As one court recently stated, "a majority of cases has determined that no relationship is required" between the defendant's acts of infringement and its regular and established place of business. *Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.*, No. 17-379, 2017 WL 3980155, at *20 (D. Del. Sept. 11, 2017). The *Bristol-Myers Squibb* court proceeded to agree with this majority view, explaining that:

> The statutory language supports this conclusion. Section 1400(b) provides that venue is proper "where a defendant has committed acts of infringement and has a regular and established place of business." So long as the two requirements are satisfied in a particular district—that is, so long as the defendant has committed acts of infringement in the district and has a regular and established place of business in that same district—venue is proper. The statute does not state that in order for venue to be proper the defendant is to have committed acts of infringement in a district "arising from" a regular and established place of business in that district. The statute is silent as to any necessity of relationship or connection between the two requirements. The Court does not read this statutory silence to contain an implicit nexus requirement.

*Id.*; *see also Wi-LAN Inc. v. Lenovo (United States), Inc.*, No. 17cv365, 2017 WL 3194692, at *3 (S.D. Cal. Jul. 27, 2017) ("This Court adopts the view that the patent venue statute 'creates no relationship between the act of infringement and the regular and established place of business.'" (citation omitted)); *Raytheon*, 2017 WL 2813896, at *7 (reaching the same conclusion in dicta).

In *Gaddis v. Calgon Corp.*, the district court reached the same conclusion Novartis advances here, holding that "venue depended . . . on whether the particular 'Division' of the company which the Defendant says was 'responsible for the alleged infringement' had [a] 'regular and established place of business'" in the district. 449 F.2d 1318, 1319 (5th Cir. 1971). The Fifth Circuit reversed, explaining that "the plain language of the statute provid[ed] that venue could be laid where the *Defendant* . . . has a regular and established place of business," and that the district court's "re-writing of the statute, plain on its face, is an example of lawmaking as distinguished from statutory interpretation that is beyond the power of the courts." *Id.*

Novartis contends that this portion of the Fifth Circuit's opinion in *Gaddis* is dicta because the court went on to conclude that even the particular division charged with infringement had a regular and

1  established place of business in the district. *See* Mot. at 9:26-10:7. But the fact that the Fifth Circuit's
2  opinion in *Gaddis* identified multiple reasons for reversal does not render each of them dicta. *See In re*
3  *Tippett*, 542 F.3d 684, 691 (9th Cir. 2008) ("[W]here a panel confronts an issue germane to the eventual
4  resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling
5  becomes the law of the circuit, regardless of whether doing so is necessary in some strict logical sense."
6  (quoting *United States v. Johnson*, 256 F.3d 895, 914 (9th Cir. 2001) (en banc))); *Best Life Assur. Co. of*
7  *Cal. v. C.I.R.*, 281 F.3d 828, 834 (9th Cir. 2002) (holding that alternative holdings are not dicta).
8  Novartis also attempts to avoid the reasoning of *Gaddis* by accusing the Fifth Circuit of misinterpreting
9  the Supreme Court's decision in *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260 (1961), when it
10 observed that the venue statute "is to be construed according to the ordinary meaning of the terms . . . ."
11 449 F.2d at 1319. More specifically, Novartis claims that *Schnell*'s warning against adopting a "'liberal'
12 construction" of the statute was directed against "generous" interpretations, not loose ones—and that the
13 Fifth Circuit erred in reading *Schnell* as promoting a plain-meaning approach. Mot. at 10:8-19. But the
14 Supreme Court has contrasted a "liberal" construction with the statute's ordinary meaning, and *Gaddis*
15 did not err in reading *Schnell* as making that same distinction. *See United States v. St. Anthony R.R. Co.*,
16 192 U.S. 524, 540 (1904); *see also In re Cray*, 871 F.3d at 1362 ("We stress that the analysis [of
17 § 1400(b)] must be closely tied to the language of the statute.").
18      For this reason, virtually all of the courts that have examined the question have reached the
19 conclusion that the ordinary language is inconsistent with the imposition of a nexus requirement. *See*
20 *Bourns, Inc. v. Allen-Bradley Co.*, No. 70 C 1992, 1971 WL 17177, at *2 (N.D. Ill. Apr. 5, 1971)
21 ("Nothing in the language of Section 1400 (b) justifies the conclusion that a defendant's place of
22 business in the district must have some connection with the accused device. The statute requires only
23 that the defendant have committed acts of infringement in the district and have a regular and established
24 place of business there; there is no requirement that the two factors be related."); *American Can Co. v.*
25 *Crown Cork & Seal Co.*, 433 F. Supp. 333, 336 (E.D. Wis. 1977); *Chadeloid Chem. Co. v. Chicago*
26 *Wood Finishing Co.*, 180 F. 770, 771 (C.C.S.D.N.Y. 1910) (L. Hand, J.) ("Even if [defendants]
27 committed no act of infringement there, it would still be a place of business within the act, which clearly
28 differentiates between the two."); *Shelton v. Schwartz*, 131 F.2d 805, 809 (7th Cir. 1942) ("Emphasis

must be on the existence of the regular and established place of business,—not on the nature or character of the business conducted there."); *Ferguson v. Ford Motor Co.*, 77 F. Supp. 425, 436 (S.D.N.Y. 1948) ("[T]he regular and established place of business need not be the business connected with the alleged patent infringement."). Novartis urges the Court to discount these decisions because the discussion in them is brief, but that brevity is consistent with the clarity of the statutory text. How much ink must a court really spill to explain that the word "and" means what it says and does not imply an unstated causal relationship between the items it conjoins?

In support of its argument, Novartis can cite only two district court decisions, both of which are approximately half a century old. *See Scaramucci v. FMC Corp.*, 258 F. Supp. 598, 602 (W.D. Okla. 1966); *Jeffrey Galion, Inc. v. Joy Mfg. Co.*, 323 F. Supp. 261, 266-67 (N.D. W.Va. 1971). The second case quotes the first at length but provides no substantive analysis of its own. *Galion*, 323 F. Supp. at 267.[2] That leaves *Scaramucci*. *Scaramucci* is not persuasive because it expressly departs from the text of the statute and attempts to infer its "purpose and intent," ignoring the Supreme Court's admonition in *Schnell*. *See Scaramucci*, 258 F. Supp. at 601. Indeed, the *Gaddis* court rejected *Scaramucci* for this reason. 449 F.2d at 1319-20. A single, anti-textualist Johnson-era decision predicated on an approach that has been criticized by the Supreme Court is no basis upon which to rewrite the plain text of the patent venue statute.

### 2. The legislative history does not require a nexus

Novartis claims that the legislative history of the venue statute suggests that the Court should depart from the plain and ordinary meaning of the statute. This argument conspicuously avoids the plain fact that the meaning of the statute is already clear, without further review of legislative history. As an initial matter where, as here, the language of a statute is clear, a court should "look no further than that language in determining the statute's meaning." *Avendano-Ramirez v. Ashcroft*, 365 F.3d 813, 816 (9th Cir. 2004) (quoting *Oregon Nat. Res. Council, Inc. v. Kantor*, 99 F.3d 334, 339 (9th Cir. 1996)). "[T]he authoritative statement is the statutory text, not the legislative history or any other extrinsic material."

---

[2] While the absence of lengthy analysis may be appropriate when simply adopting the plain text of a statute, an attempt to *add* non-textual requirements deserves explanation.

1  *Gilead Scis., Inc. v. Lee*, 778 F.3d 1341, 1348 (Fed. Cir. 2015) (quoting *Exxon Mobil Corp. v. Allapattah*
2  *Servs., Inc.*, 545 U.S. 546, 568, (2005)).

3      Moreover, even if the legislative history were consulted, it is at best ambiguous with respect to
4  the proposition for which Novartis cites it. *See Milner v. Dep't of Navy*, 562 U.S. 562, 572 (2011)
5  ("Those of us who make use of legislative history believe that clear evidence of congressional intent may
6  illuminate ambiguous text. We will not take the opposite tack of allowing ambiguous legislative history
7  to muddy clear statutory language."); *Whitfield v. United States*, 543 U.S. 209, 216-17 (2005). Novartis
8  quotes a floor statement by Representative John Fletcher Lacey, who claimed that the proposed statute
9  would allow venue "where a permanent agency transacting the business is located, and that business is
10  engaged in the infringement of the patent rights of someone who has such rights anywhere in the United
11  States." 29 Cong. Rec. 1900 (1897). Nothing about this statement says or suggests that the location and
12  the act of infringement must be linked. Instead, the statement says that both the location and the act of
13  infringement must relate to the accused business. Thus, it is easy to align the facts at issue here with that
14  statement—i.e., a permanent agency (the locations in San Carlos) that transacts the business of Novartis
15  is located in this district, and Novartis's business is engaged in the infringement of Plexxikon's patent
16  rights. Representative Lacey also observed that "[i]solated cases of infringement would not confer
17  jurisdiction, but only where a permanent agency is established." *Id.* That statement makes clear that the
18  venue statute requires both infringement and a permanent place of business—but Representative Lacey
19  did not clearly link the two things together in his explanation of the law's requirements.

20      Indeed, this very point was emphasized in a portion of the legislative history that Novartis chose
21  not to quote:

22      Mr. PAYNE. [Various conflicting decisions over the requirements for
         venue under the then-existing law would be resolved] entirely by a law
23      providing that suits might be brought wherever the defendant could be
         found or wherever he has a residence. In order to get rid of these
24      conflicting decisions it would not be necessary to go further than that, but,
         as I understand the bill, it not only provides for that, ***but also that a suit***
25      ***may be brought in any jurisdiction where the defendant has an***
         ***established place of business,*** by leaving the subpoena of the court at his
26      place of business.

27      Mr. LACEY: ***Not unless the acts of infringement were also committed in***
         ***that jurisdiction.***
28
    Mr. PAYNE. If these two things concur?

7

OPPOSITION TO MOTION TO DISMISS OR TRANSFER / CASE NO. 4:17-CV-04405-HSG

Mr. LACEY. Yes.

29 Cong. Rec. 1901 (1897) (emphases added).  This statement does not assert that acts of infringement must be committed at the established place of business.

Novartis also cites a floor statement by Senator Orville H. Platt, who noted that at the time "it [was] very inconvenient to travel across the continent to sue [an infringer] when they are infringing in a business established near the plaintiff or the owner of a patent[,]" and said that the bill "authorizes suit to be brought against an infringer in the place where the business is carried on . . . ."  29 Cong. Rec. 2719 (1897).  Novartis does not deny that its "business" is carried out at its San Carlos facilities, and Senator Platt's statement nowhere says that the statute authorizes venue only where *infringing* acts are being carried on.  Indeed, the fact that he used separate terms for "business" and "acts of infringement" strongly suggests that the two terms should not be read (in the legislative history) as having the same meaning.

Thus, while there is no reason to look to the legislative history given the clarity of the statutory text, the legislative history does not unambiguously suggest that the venue statute was intended to have some unexpressed nexus requirement.  Indeed, even if the Court were to conclude that the statements of the two individual legislators *were* unambiguous with respect to their intent, those isolated statements would not be a proper basis for rewriting the statute.  *See West Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 98-99, (1991), *superseded by statute as stated in Landgraf v. USI Film Prods.*, 511 U.S. 244, 252 (1994) (holding that statutory text should not be "expanded or contracted by the statements of individual legislators or committees during the course of the enactment process.").

### 3. There is no public policy reason to depart from the text

Novartis argues that the Court should depart from what the statute says for policy reasons.  But that argument has already been rejected by the Supreme Court, which has held that 28 U.S.C. § 1400(b)'s venue requirement is "not one of those vague principles which, in the interest of some ***overriding policy***, is to be given a 'liberal' construction."  *Schnell*, 365 U.S. at 264 (emphasis added).  Yet Novartis's entire argument is premised on claiming that section 1400(b) should be interpreted loosely in the interest of advancing such a policy.  That is exactly what the Supreme Court has said the courts should *not* do.

Novartis's policy reasons are also substantively flawed. Novartis claims that without a nexus requirement, cases might be litigated in forums that are less than maximally convenient for the defendants' witnesses. *See* Mot. at 5:3-15. It argues, for instance, that venue in the Northern District of California would require its witnesses to fly out to testify at trial. But Congress has already set forth the appropriate vehicle for evaluating the convenience of witnesses: a motion to transfer the case to another forum "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). Under that provision, "[t]he plaintiff's choice of forum is afforded substantial weight . . . and courts should not generally transfer unless the convenience and justice factors strongly favor the defendant's choice of venue." *Bibo v. Fed. Express, Inc.*, No. C07-2505 TEH, 2007 WL 2972948, at *2 (N.D. Cal. Oct. 10, 2007); *City of Burbank v. United States*, 273 F.3d 1370, 1379 (Fed. Cir. 2001). As the Supreme Court has explained, there is a "canon against interpreting any statutory provision in a manner that would render another provision superfluous. . . . even when Congress enacted the provisions at different times." *Bilski v. Kappos*, 561 U.S. 593, 607-08 (2010). That is what Novartis's reading of the statute would do. By contorting the concern for the convenience of the defendants' witnesses into an overriding policy consideration, Novartis asks that the Court ignore the relief available under section 1404 and account for Novartis' concerns in isolation, without looking at the convenience factors as a whole (including the convenience of the plaintiff's witnesses). It is certainly understandable *why* Novartis would advocate for such a policy, but it is inconsistent with the fact that there already *is* a statute, 28 U.S.C. § 1404, that directs the court to look at the convenience of *all* the witnesses, in addition to other factors. Thus, not only is Novartis attempting to rewrite the statute to reflect some overriding policy concern in contravention of the Supreme Court's direction, it has cherry-picked a particular policy which has no textual support in the statute, and which is already taken into account elsewhere in a balanced way.

   **4.  Under the proper interpretation of the statute, there is no dispute that venue is proper**

Once Novartis's "nexus" requirement is rejected, there is no dispute that Novartis has a "regular and established place of business" in this district and that venue is proper here. The Federal Circuit recently addressed the venue statute in *In re Cray*, 871 F.3d at 1360, and identified three requirements:

"(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."

The requirements set forth in *In re Cray* are satisfied here. Novartis's facilities in San Carlos[3] are undoubtedly physical: *In re Cray* held that this requirement simply means that the defendant's facilities supporting venue must be a "physical, geographical location," which the facilities at 150 Industrial Rd. and 201 Industrial Rd. in San Carlos plainly are. *Id*. at 1362. They are also "regular and established"— which *In re Cray* defined to mean a location that is "for a meaningful time period . . . stable, established." *Id.* at 1363. Novartis states that one of its facilities in San Carlos is a manufacturing facility and the other is a research facility. Gleeson Decl. ¶¶ 9-10. They bear little resemblance to the semiannual trade shows that *Cray* held were too temporary to satisfy the "regular and established" requirement. *In re Cray*, 871 F.3d at 1363. Finally, Novartis acknowledges that the San Carlos facilities are "the place of the defendant" rather than "solely a place of the defendant's employee." *Id.*

In short, there is no dispute that venue is proper if the words of the statute are given effect without alteration. The Court's inquiry should begin and end there.

### B. In the Alternative, Venue Discovery Is Warranted

To the extent the Court is inclined to find that there must be a connection between Novartis's (admitted) regular and established places of business in this district and its (undisputed—at least for purposes of this motion) acts of infringement, it should permit Plexxikon to engage in venue-related discovery. "[T]he trial court may permit discovery on [a motion to dismiss for improper venue], and indeed should do so where discovery may be useful in resolving issues of fact presented by the motion, particularly since the necessity of resolving such issues is created by the movant himself and the relevant evidence is peculiarly within the movant's possession." *Hayashi v. Red Wing Peat Corp*., 396 F.2d 13, 14 (9th Cir. 1968).

For example, as previously noted, Novartis appears to employ oncology sales representatives in this district: information from the Centers for Medicare & Medicaid Services shows at least 69 payments

---

[3] Novartis admits that there are also Novartis facilities in Emeryville, but claims that they are "owned or operated by one or more affiliates of parent company Novartis AG," rather than by Novartis Pharmaceuticals Corporation. Gleeson Decl. ¶ 7. For purposes of this motion, it suffices to consider the San Carlos facilities, which Novartis admits are run by Novartis Pharmaceuticals Corporation.

made to doctors in the Northern District of California by sales representatives are associated with Novartis and Tafinlar®.  *See* Krishnapriyan Decl. Ex. A.  Novartis claims—without citation to the record—that the sales representatives it employs in this district "cannot establish venue because those employees do not work at a fixed physical location in this District."  Mot. at 12:27-28.  Plexxikon is entitled to determine whether this evidence-free claim is true, whether these employees maintain inventory in their homes, and whether they otherwise create the kind of nexus Novartis is asking this Court to read into the statute.[4]

Similarly, Plexxikon should be allowed to determine exactly what facilities Novartis has in this district, its relationship with facilities it claims are run by other Novartis entities, and what activities are conducted at those facilities.  And Plexxikon should also be allowed to explore Novartis's relationship with its San Francisco-based distributor, McKesson Corporation, including the degree to which McKesson is acting as Novartis's agent in selling Tafinlar® in this district.

Although Novartis's motion to dismiss should be denied because the undisputed facts establish that venue is proper under 28 U.S.C. § 1400(b), properly interpreted, the Court should alternatively order venue-related discovery in lieu of granting Novartis's motion.

## V. CONCLUSION

For the foregoing reasons, Novartis's motion to dismiss, or in the alternative transfer this case to the District of Delaware, should be denied.

Dated:  October 26, 2017                                        DURIE TANGRI LLP

By:   */s/Raghav Krishnapriyan*
         RAGHAV KRISHNAPRIYAN

Attorney for Plaintiff
PLEXXIKON INC.

---

[4] In addition, there may be other Novartis employees whose activities would be relevant to venue.  For example, Novartis employs an "Area Scientific Director" in the San Francisco Bay Area, who lists "Oncology" as a "Featured Skill" in her LinkedIn Profile.  *See* https://www.linkedin.com/in/janet-lyle-731a5116 (accessed Oct. 25, 2017).

11
OPPOSITION TO MOTION TO DISMISS OR TRANSFER / CASE NO. 4:17-CV-04405-HSG

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2017 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Raghav Krishnapriyan*
RAGHAV KRISHNAPRIYAN