| | |
|---|---|
| THOMAS P. STEINDLER (*Pro Hac Vice*)<br>tsteindler@mwe.com<br>DAVID MLAVER (*Pro Hac Vice*)<br>dmlaver@mwe.com<br>MCDERMOTT WILL & EMERY LLP<br>500 N. Capitol St., N.W.<br>Washington, DC 20001<br>Tel:  (202) 756-8000<br>Fax:  (202) 756-8087<br><br>WILLIAM G. GAEDE III (SBN: 136184)<br>wgaede@mwe.com<br>MCDERMOTT WILL & EMERY LLP<br>275 Middlefield Road, Suite 100<br>Menlo Park, CA 94025<br>Tel:  (650) 815-7400<br>Fax:  (650) 469-1470<br><br>KATHERINE NICOLE CLOUSE (*Pro Hac Vice*)<br>nclouse@mwe.com<br>MCDERMOTT WILL & EMERY LLP<br>28 State Street<br>Boston, MA 02109<br>Tel:  (617) 535-4000<br>Fax:  (617) 535-3800<br><br>*Attorneys for Defendant*<br>*Novartis Pharmaceuticals Corporation* | DURIE TANGRI LLP<br>DARALYN J. DURIE (SBN 169825)<br>ddurie@durietangri.com<br>CLEMENT S. ROBERTS (SBN 209203)<br>croberts@durietangri.com<br>RAGHAV R. KRISHNAPRIYAN (SBN 273411)<br>rkrishnapriyan@durietangri.com<br>217 Leidesdorff Street<br>San Francisco, CA 94111<br>Telephone: 415-362-6666<br>Facsimile: 415-236-6300<br><br>YOUNG BASILE HANLON & MACFARLANE, P.C.<br>JEFFREY D. WILSON (*PRO HAC VICE*)<br>wilson@youngbasile.com<br>ANDREW R. BASILE, JR. (SBN 208396)<br>abasile@youngbasile.com<br>EDDIE D. WOODWORTH (*PRO HAC VICE*)<br>woodworth@youngbasile.com<br>3001 W. Big Beaver Road, Suite 624<br>Troy, Michigan 48084<br>Telephone: (248) 649-3333<br>Facsimile: (248) 649-3338<br><br>*Attorneys for Plaintiff*<br>*PLEXXIKON INC.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PLEXXIKON INC.,<br><br>              Plaintiff,<br><br>       v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>              Defendant. | CASE NO. 4:17-cv-04405-HSG (EDL)<br><br>**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT UNDER PATENT L.R. 4-3**<br><br>Ctrm:  2 – 4th Floor<br>Judge:  Honorable Haywood S. Gilliam, Jr. |

- 1 –
JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Pursuant to Patent L.R. 4-3, Plaintiff Plexxikon Inc. ("Plexxikon") and Defendant Novartis Pharmaceuticals Corporation ("Novartis" or "NPC") hereby submit the following Joint Claim Construction and Prehearing Statement. This Statement is provided with reference to U.S. Patent Nos. 9,469,640 (the "'640 patent") and 9,884,539 (the "'539 patent") (collectively, the "Patents-in-Suit").

I. **AGREED CONSTRUCTIONS (PATENT L.R. 4-3(a))**

No terms have been identified for which the parties agree on the construction.

II. **DISPUTED CONSTRUCTIONS AND EVIDENCE (PATENT L.R. 4-3(b))**

The parties dispute the construction of one term, "pharmaceutical composition," which appears in claims 9 and 10 of the '640 patent and claims 9, 10, 19, 20, 29 and 30 of the '539 patent.[1]

*Plaintiff Contends that Claim Construction is Unnecessary:* The sole claim construction dispute is whether the term "pharmaceutical composition" can encompass multiple pills. NPC would like the Court to impose a limitation that it cannot. Infringement of claim 10 of the '640 patent and claims 10 and 20 of the '539 patent turn on the answer to this question—otherwise, NPC would not have a good faith basis to request claim construction of this term. Although Plexxikon continues to maintain that NPC does infringe these claims, in order to narrow the issues in this case and obviate the need for claim construction, Plexxikon proposed, on March 9, 2018, to remove claim 10 of the '640 patent and claims 10 and 20 of the '539 patent from its infringement contentions, and provided a copy of the narrowed infringement contentions to NPC on March 19, 2018. The parties agree that claim construction is not needed for any of the remaining asserted claims. After discussions and correspondence between counsel for the parties throughout March, NPC refused to stipulate to the narrowing of Plexxikon's infringement contentions unless Plexxikon granted it a covenant not to sue on those claims. If NPC wanted to insist on a judgment on the merits for these claims, it could have brought counterclaims on them—but it chose not to do so. On April 6, 2018, Plexxikon served NPC with a draft discovery dispute letter that requests that the Court grant leave for Plexxikon to narrow its infringement contentions. NPC returned its position to Plexxikon on April 17, 2018, and

---

[1] Claims 29 and 30 of the '539 patent are not asserted in this litigation.

- 2 –
JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

1  Plexxikon will be filing this discovery dispute letter contemporaneously with this statement. If the
2  Court grants Plexxikon leave to amend its infringement contentions as requested, claim
3  construction will be unnecessary.

4  *Defendant's Response:*  Plexxikon is *not* attempting to "narrow the issues" or "obviate the need
5  for claim construction."  Rather, Plexxikon is attempting to drop claims that it never had a good
6  faith basis to assert.  That is fine, but it must be done properly.  Novartis is entitled to a preclusive
7  judgment as to the claims Plexxikon is seeking to drop, either via a dismissal with prejudice or
8  summary judgment of non-infringement.  Plexxikon is seeking to avoid those outcomes – and
9  attempting to preserve an ability to re-assert the claims later in the case – by attempting to amend
10 its Patent L.R. 3-1 infringement contentions.  It is doing so without the good cause required by
11 Patent L.R. 3-6, and it is attempting to dress up as a discovery dispute a gambit to obtain substantive
12 rights.  As set forth in Novartis's portion of the parties' Second Joint Statement for Determination
13 of Discovery Issues, the Court should reject Plexxikon's maneuver.  If the Court agrees with
14 Novartis, either Plexxikon will stipulate to dismissal of claim 10 of the '640 patent and claims 10
15 and 20 of the '539 patent with prejudice or Novartis will move for summary judgment of non-
16 infringement on those claims—successfully, because Plexxikon has abandoned its infringement
17 position. Until this matter is resolved, however, it is necessary to construe the term "pharmaceutical
18 composition" unless Plexxikon stipulates to Novartis's proposed contruction.

19 *Plaintiff's Proposed Construction***:**  To the extent that claim construction occurs, Plaintiff proposes
20 that the term "pharmaceutical composition" should be construed according to its plain and ordinary
21 meaning.

22 *Intrinsic Evidence Identified by Plaintiff*: Plexxikon identifies the following exemplary passages
23 from the specification of the '640 patent: 29:47-67, 56:37-41, 65:20-41.

24 *Extrinsic Evidence Identified by Plaintiff*: None.

25 *Defendant's Proposed Construction***:**  Novartis proposes that the term "pharmaceutical
26 composition" should be construed to mean "a single dosage form suitable for administration for
27 therapeutic purposes."

28

*Intrinsic Evidence Identified by Defendant*: Novartis identifies the following passages from the specification of the '640 patent[2] as exemplary support for its proposed construction:

- col. 29:48–67;
- col. 31:31–58;
- col. 32:48–33:12;
- col. 56:37–54; and
- col. 67:54–68:6.

*Extrinsic Evidence Identified by Defendant*: Novartis identifies the following extrinsic evidence as exemplary support for its proposed construction:

- "Composition," Webster's Third New International Dictionary at 466 (2002) [NPC-PLEX0004549–51];
- "Composition," Random House Webster's Unabridged Dictionary, 2d Ed. at 420 (2001) [NPC-PLEX0004552–54];
- "Composition," The Compact Edition of the Oxford English Dictionary, Vol. 1 at 494–95 (1971) [NPC-PLEX0004545–48].

*Objection by Defendant:* Above, Plexxikon identifies intrinsic evidence supporting its position. Plexxikon did not cite *any* intrinsic or extrinsic evidence in Patent L.R. 4-2 disclosures and lacks good cause for disclosing its reliance on such evidence now, for the first time. *See* Ex. A. Plexxikon should be precluded from relying on any intrinsic or extrinsic evidence either in its claim construction briefs or at the claim construction hearing.

*Response by Plaintiff:* NPC complains that Plexxikon did not identify certain passages of the specification even though Plexxikon asks that the disputed claim limitation be construed according to its plain and ordinary meaning and the identified passages predominantly overlap with NPC's own citations. Nor does NPC cite any authority for the proposition that intrinsic evidence from the specification cannot be considered when it has been identified not just in claim construction briefs,

---

[2] As the specifications of the '640 and '539 patents are substantially identical, NPC provides only citations to the '640 patent. Citations to the '640 patent should be understood to additionally refer to corresponding passages of the '539 patent.

1 but in the very first submission to the Court – with good reason, since the citations are from the
2 specifications of the patents-in-suit themselves, so there is no conceivable prejudice to NPC from
3 the Court considering them.

### III.  IDENTIFICATION OF KEY TERMS (PATENT L.R. 4-3(c))

For the reasons previously described, Plexxikon contends that there are no terms whose construction will be significant to the resolution of the case.

Novartis identifies "pharmaceutical composition" as a term whose construction will be significant to the resolution of the case.

### IV.  ANTICIPATED LENGTH OF HEARING (PATENT L.R. 4-3(d))

As stated above, Plaintiff has proposed to remove claim 10 of the '640 patent and claims 10 and 20 of the '539 patent from its infringement contentions. Plaintiff is seeking leave of court to amend its infringement contentions by dropping claims. The parties disagree about how those claims should be eliminated from the case but agree that if they are eliminated, it will obviate the need for claim construction. The parties have submitted a Second Joint Statement for Determination of Discovery Disputes in this regard.

To the extent that a claim construction hearing becomes necessary, both parties anticipate that thirty minutes will be sufficient for the Claim Construction Hearing.

### V.  WITNESSES (PATENT L.R. 4-3(e))

*Neither party* proposes to call any witnesses at the Claim Construction Hearing.

### VI.  REQUESTED FACTUAL FINDINGS (PATENT L.R. 4-3(f))

*Plaintiff*: Plexxikon contends that claim construction and associated factual findings are unnecessary for the reasons previously described. To the extent that the Court engages in any factual findings, Plexxikon requests that the Court decline to adopt any of NPC's requested findings (which improperly attempt to import limitations into the claim language) as they are inconsistent with the definition of "composition" in the Patents-In-Suit as "a formulation suitable for administration to an intended animal subject for therapeutic purposes that contains at least one pharmaceutically active compound and at least one pharmaceutically acceptable carrier or excipient."

- 5 –
JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

*Defendant*: Novartis requests that the Court find that, at the priority date of the Patents-in-Suit, persons of ordinary skill in the art understood the plain and ordinary meaning of the term "pharmaceutical composition" to be "a single dosage form suitable for administration for therapeutic purposes." Novaris further requests that the Court find that the specification and claims of the Patents-in-Suit use the term "pharmaceutical composition" consistently with said plain and ordinary meaning. Novartis objects to Plexxikon's proposal above that the Court find, as a matter of fact, what the plain and ordinary meaning of "pharmaceutical composition" is. Plexxikon is attempting to sneak in a proposed claim construction now, but it disclosed no proposed construction in its Patent L.R. 4-2 disclosures, *see* Ex. A, and under the Patent Rules it may not do so now.

Dated: April 17, 2018                                     Respectfully submitted,

*/s/ Thomas P. Steindler* (with consent)                  */s/ Eddie D. Woodworth*

THOMAS P. STEINDLER (*Pro Hac Vice*)
tsteindler@mwe.com
DAVID MLAVER (*Pro Hac Vice*)
dmlaver@mwe.com
MCDERMOTT WILL & EMERY LLP
500 N. Capitol St., N.W.
Washington, DC 20001
Tel:  (202) 756-8000
Fax:  (202) 756-8087

WILLIAM G. GAEDE III (SBN: 136184)
wgaede@mwe.com
MCDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Tel:  (650) 815-7400
Fax:  (650) 469-1470

KATHERINE NICOLE CLOUSE (*Pro Hac Vice*)
nclouse@mwe.com
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109
Tel:  (617) 535-4000
Fax:  (617) 535-3800

*Attorneys for Defendant
Novartis Pharmaceuticals Corporation*

DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
CLEMENT S. ROBERTS (SBN 209203)
croberts@durietangri.com
RAGHAV R. KRISHNAPRIYAN (SBN 273411)
rkrishnapriyan@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

YOUNG BASILE HANLON & MACFARLANE, P.C.
JEFFREY D. WILSON (*PRO HAC VICE*)
wilson@youngbasile.com
ANDREW R. BASILE, JR. (SBN 208396)
abasile@youngbasile.com
EDDIE D. WOODWORTH (*PRO HAC VICE*)
woodworth@youngbasile.com
3001 W. Big Beaver Road, Suite 624
Troy, Michigan 48084
Telephone: (248) 649-3333
Facsimile: (248) 649-3338

*Attorneys for Plaintiff
PLEXXIKON INC.*

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from Michael S. Nadel on behalf of Thomas P. Steindler.

By: _/s/ Eddie D. Woodworth_
Eddie D. Woodworth

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on April 17, 2018, the foregoing was caused to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

By: */s/ Eddie D. Woodworth*
Eddie D. Woodworth