UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLEXXIKON INC., <br> Plaintiff, <br> v. <br> NOVARTIS PHARMACEUTICALS CORPORATION, <br> Defendant. | Case No.17-cv-04405-HSG (EDL) <br><br> **ORDER ON DISCOVERY DISPUTES WITH NON-PARTY** <br><br> Re: Dkt. No. 121 |

On January 24, 2019, Plaintiff Plexxikon Inc. and non-party GlaxoSmithKline ("GSK") filed a joint discovery letter in this patent infringement case. Plaintiff seeks an order compelling GSK to: (1) re-produce documents without redactions for relevance and without a purportedly improper redaction for privilege; (2) provide a privilege log; (3) produce documents that are responsive to Plaintiff's subpoenas; and (4) produce a witness to testify on certain remaining Rule 30(b)(6) deposition topics.

As discussed below, GSK is ordered to re-produce documents to Plaintiff without relevancy redactions pursuant to the terms of the protective order within 7 days of this Order. The Court defers a ruling on the remaining discovery disputes. Plaintiff and GSK must submit a joint report to the Court by no later than February 7, 2019 on the status of these disputes.

**A.   Relevancy Redactions**

On December 13, 2018, GSK produced documents to Plaintiff in response to Request for Production ("RFP") Nos. 4 and 8-11. Durie Decl., ¶¶ 4-5. The production contained some documents that GSK redacted for relevance. Prior to that production, on October 4, 2018, Judge Gilliam granted a stipulation entered into by Plaintiff and GSK that resolved several discovery issues. One of those issues concerned GSK's document redactions to documents previously

produced. Through the stipulation, Plaintiff and GSK agreed that "GSK will re-produce its current document production without any redactions made on the basis of relevance" and designate those documents as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the stipulated protective order. Dkt. No. 93 at 1-2.[1]

It is common practice within this District to prohibit redactions for relevance. See Shenwick v. Twitter, Inc., 2018 WL 833085, at *3 (N.D. Cal. Feb. 7, 2018) (explaining that "[i]n general, courts frown upon the practice of redacting irrelevant information from documents based on one party's unilateral assessment of relevance" and collecting cases). However, "the Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc., 161 F.R.D. 86, 88 (N.D. Cal. 1995). Thus, while relevancy redactions are not permitted in documents produced by the parties to litigation, there may be circumstances in which redactions are appropriate when a document production is made by a non-party.

GSK argues that the redactions are necessary because the redacted information, while irrelevant to the litigation, "is highly relevant and valuable to Plexxikon's other research and development programs that compete with GSK's research and development programs." Jt. Ltr. at 6. This concern is ameliorated by producing unredacted copies of the documents to Plaintiff with the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation provided in the stipulated protective order. This is also consistent with GSK's earlier document production in this litigation. Accordingly, GSK is ordered to re-produce the documents to Plaintiff under the terms of the protective order without relevancy redactions within 7 days of this Order.

### B. Remaining Discovery Disputes

GSK has promised to provide a privilege log by January 25, 2019 and produce documents and a Rule 30(b)(6) witness by the beginning of February. Therefore, the remaining disputes contained in the joint discovery letter are not yet ripe. Plaintiff and GSK are ordered to continue

---

[1] Plaintiff also produced some documents with redactions based on relevance, but, after Defendant Novartis disputed the need for the redactions, Plaintiff offered that the parties mutually agree to re-produce document without relevancy redactions. Durie Decl., ¶ 16, Ex. N. Subsequently, Plaintiff re-produced the disputed documents without relevancy redactions. Id.

meeting and conferring on these issues and submit a joint status report to the Court by no later than February 7, 2019.

**IT IS SO ORDERED.**

Dated: February 1, 2019


ELIZABETH D. LAPORTE
United States Magistrate Judge