William R. Zimmerman (SBN 195,859)
Bill.Zimmerman@knobbe.com
Joseph M. Reisman (SBN 196,122)
Joseph.Reisman@knobbe.com
Nathanael R. Luman (SBN 273,349)
Nate.Luman@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Avenue N.W., Suite 900
Washington, D.C. 20006l
Telephone: (202) 640-6400
Facsimile: (202) 640-6401

Attorneys for Third Parties, GLAXOSMITHKLINE PLC and GLAXOSMITHKLINE LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PLEXXIKON INC., <br><br> Plaintiff, <br><br> v. <br><br> NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> Defendant. | Civil Action No. 4:17-cv-04405-HSG (EDL) <br><br> DECLARATION OF NATHANAEL R. LUMAN IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL <br><br> Ctrm: 2 – 4th Floor <br> Judge: Honorable Haywood S. Gilliam, Jr. |

I, Nathanael R. Luman, declare and state as follows:

1. I am a partner at the law firm of Knobbe, Martens, Olson & Bear, LLP, and I am licensed to practice law in the State of California. I am counsel for non-parties GlaxoSmithKline PLC and GlaxoSmithKline LLC for the above-captioned matter between Plaintiff Plexxikon Inc. and Defendant Novartis Pharmaceuticals Corp. I have personal knowledge of the matters set forth herein, and if I am called upon to testify, I could testify competently thereto.

2. Pursuant to Civil Local Rule 79-5(e)(1), I submit this declaration in support of Plaintiff's Administrative Motion To File Under Seal (D.I. 149).

3. GlaxoSmithKline PLC and GlaxoSmithKline LLC are not parties to the above-captioned litigation, and there is no GlaxoSmithKline entity that is party to the above-captioned litigation. This declaration is submitted for the limited purpose of supporting the motion to seal and should not be interpreted as a waiver of GlaxoSmithKline PLC or GlaxoSmithKline LLC's right to challenge the proprietary of jurisdiction and venue in this district. Further, GlaxoSmithKline PLC and GlaxoSmithKline LLC expressly reserve the right to challenge jurisdiction and venue in this district. This declaration should not be interpreted as a waiver of GlaxoSmithKline PLC and GlaxoSmithKline LLC's ability to seek to intervene in the above-captioned litigation for the limited purpose of opposing any motion by Plaintiff seeking leave to amend the complaint. GlaxoSmithKline PLC and GlaxoSmithKline LLC expressly reserve the right to file a motion to intervene for the limited purpose of opposing any motion by Plaintiff seeking leave to amend the complaint.

4. I have reviewed Exhibit A to the March 18, 2019 Declaration of Daralyn J. Durie submitted in support of Plaintiff's Administrative Motion to File Under Seal (D.I. 149). Exhibit A is a copy of Defendant Novartis Pharmaceuticals Corporation's Invalidity Contentions. Based on my review, the text highlighted in yellow on the following pages of Exhibit A contain highly confidential pharmaceutical research and development information relating to one or more of non-party GSK entities' research and development of

BRAF-inhibitor compounds:

- Page 4, lines 12-20
- Page 34, lines 9-15
- Page 50, line 22 through Page 52, line 22
- Page 52, line 24 through Page 54, line 26
- Page 55, lines 9-11
- Page 55, lines 15-18; and
- Page 56, lines 4-5.

If the information on these selected pages of Exhibit A is not placed under seal, one or more of non-party GSK entities' highly sensitive and confidential information may be compromised, exposing GSK entities to substantial financial risk. Unless the information is sealed, competitors and others will be provided access to information that would not ordinarily be available to the public, let alone available to one or more of GSK entities' competitors in the highly competitive pharmaceutical industry. Competitors and others in the marketplace might exploit such information for their own benefit and to the unfair detriment of one or more GSK entities. Redaction of Exhibit A at **Page 4, lines 12-20; Page 34, lines 9-15; Page 50, line 22 through Page 52, line 22; Page 52, line 24 through Page 54, line 26; Page 55, lines 9-11; Page 55, lines 15-18;** and **Page 56, lines 4-5** is appropriate and narrowly tailored to best balance the need for public disclosure of court filings and for protecting the limited amount of one or more of the non-party GSK entities' confidential information contained in the document.

I declare the foregoing is true and correct under penalty of perjury under the laws of the United States of America.

Executed this March 21, 2019, in San Diego, CA.

Nathanael R. Luman

30176154