UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLEXXIKON INC., <br> Plaintiff, <br> v. <br> NOVARTIS PHARMACEUTICALS CORPORATION, <br> Defendant. | Case No. 17-cv-04405-HSG <br><br> **ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Re: Dkt. No. 89 |

Pending before the Court is Plaintiff Plexxikon Inc.'s administrative motion to file under seal Exhibits 5, 7, 8, 9, 10, 11, 12, and 13 to the Declaration of Laura E. Miller in support of its motion for leave to amend the complaint. *See* Dkt. No. 89. Plexxikon took "no position as to the confidentiality" of these exhibits but instead sought "sealing solely to remain in compliance with the Protective Order." *Id.* at 1. In accordance with Civil Local Rule 79-5(e)(1), non-parties GlaxoSmithKline PLC and GlaxoSmithKline LLC (collectively, "GSK") filed a declaration in support of the motion to seal. *See* Dkt. No. 91. Ultimately, Plexxikon withdrew its motion for leave to amend the complaint after entering a stipulation with GSK. *See* Dkt. No. 93.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a

dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

Because the documents sought to be sealed were attached to a nondispositive motion for leave to amend the complaint, which was later withdrawn, the Court will apply the lower good cause standard rather than the compelling reason standard.

GSK has demonstrated good cause to seal Exhibits 5, 7, 8, 9, 10, 11, 12, and 13 in their entirety. Each of these exhibits contains confidential business, scientific, or manufacturing information regarding GSK's development of pharmaceutical products. *See* Dkt. No. 91 ¶¶ 4–11. The public release of these documents could give non-party GSK's competitors an unfair advantage in the development or marketing of rival products. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (ordering sealing where documents could be used "'as sources of business information that might harm a litigant's competitive standing'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Therefore, sealing is appropriate.

## III. CONCLUSION

Good cause exists to seal Exhibits 5, 7, 8, 9, 10, 11, 12, and 13 to the Declaration of Laura E. Miller in support of Plexxikon's motion for leave to amend the complaint. The Court **GRANTS** the motion to seal in its entirety. This order terminates Dkt. No. 89.

**IT IS SO ORDERED.**

Dated: 3/22/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge