UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PLEXXIKON INC.,
Plaintiff,
v.
NOVARTIS PHARMACEUTICALS CORPORATION,
Defendant.

Case No.17-cv-04405-HSG (EDL)

**ORDER ON MAY 15, 2019 DISCOVERY DISPUTE**

Re: Dkt. No. 162

On May 3, 2019, the Court ordered Plaintiff Plexxikon Inc. to produce to Defendant Novartis Pharmaceuticals Corporation any documents from Plaintiff's expert Dr. Alexander Bridges "relating to the synthetic routes that Dr. Bridges considered but did not ultimately use to the extent the documents contain 'facts or data.'" Dkt. No. 161 at 1 (the "Order"). Defendant contends that Plaintiff has failed to produce all such documents and seeks their production now. For the reasons discussed below, the Court denies Defendant's request for relief.

According to Plaintiff, there are only two categories of documents that relate to Dr. Bridges' consideration of the unused synthetic routes: (1) "related academic and patent literature available to a person of ordinary skill in the art as of 2005," and (2) communications between Dr. Bridges and counsel regarding his "review of the academic and patent literature" in which he "discussed [his] ideas for an approach to synthesizing compounds relevant to [his] opinion" and "provided [his] analysis of the literature – [his] own thoughts and ideas." Bridges Decl., ¶¶ 2-3. Plaintiff has produced the first category of documents to Defendant but has declined to produce the second category as both privileged under Rule 26(b)(3)(C) and not containing "facts or data" about the unused synthetic routes.

Rule 26(b)(3)(C) protects "communications between the party's attorney and any witness

United States District Court
Northern District of California

required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communication," with the exception of three categories of communications that the parties do not contend apply here. Fed. R. Civ. P. 26(b)(3)(C). The Advisory Committee notes explain that the rule's "protection is limited to communications between an expert witness required to provide a report under Rule 26(a)(2)(B) and the attorney for the party on whose behalf the witness will be testifying, including any 'preliminary' expert opinions." Fed. R. Civ. P. 26, Advisory Committee Notes to the 2010 Amendment. The communications between Dr. Bridges and counsel (Bridges Decl., ¶ 3) fall within this rule and are protected from production.

At most, Plaintiff would be required to log those communications to the extent they contain "facts or data," such as the steps of the synthetic routes Dr. Bridges considered and rejected, although it is not clear from the description in Dr. Bridges' declaration that any of the unproduced documents meet this criteria. If the documents were logged, Plaintiff would be allowed to group these similarly situated documents on the privilege log under the Court's standing discovery order. See Dkt. No. 26, ¶ 6 (privilege log must "set[ ] forth the privilege relied upon and specify[ ] separately for each document or for each category of similarly situated documents" particular information). However, requiring a log of any such documents would be a pointless exercise as Defendant already has information about Dr. Bridges' consideration of the synthetic routes and the fact that he communicated his consideration of the issue to counsel. A privilege log would not substantially improve Defendant's understanding of the matter.

The Court reiterates that Defendant is entitled to explore this topic in Dr. Bridges' re-deposition, as Plaintiff has acknowledged. Dr. Bridges should be prepared to testify about the unused synthetic routes in a meaningful way.

**IT IS SO ORDERED.**

Dated: May 16, 2019

Elizabeth D. Laporte

ELIZABETH D. LAPORTE
United States Magistrate Judge