1  DURIE TANGRI LLP
   DARALYN J. DURIE (SBN 169825)
2  ddurie@durietangri.com
   DAVID McGOWAN (SBN 154289)
3  dmcgowan@durietangri.com
   LAURA E. MILLER (SBN 271713)
4  lmiller@durietangri.com
   VICTORIA L. WEATHERFORD (SBN 267499)
5  vweatherford@durietangri.com
   RAGHAV R. KRISHNAPRIYAN (SBN 273411)
6  rkrishnapriyan@durietangri.com
   MATTHEW W. SAMUELS (SBN 294668)
7  msamuels@durietangri.com
   217 Leidesdorff Street
8  San Francisco, CA 94111
   Telephone: 415-362-6666
9  Facsimile: 415-236-6300

10 YOUNG BASILE HANLON & MACFARLANE, P.C.
   JEFFREY D. WILSON (*Pro Hac Vice*)
11 wilson@youngbasile.com
   ANDREW R. BASILE, JR. (SBN 208396)
12 abasile@youngbasile.com
   EDDIE D. WOODWORTH (*Pro Hac Vice*)
13 woodworth@youngbasile.com
   RYAN T. MCCLEARY (*Pro Hac Vice*)
14 mccleary@youngbasile.com
   3001 W. Big Beaver Road, Suite 624
15 Troy, MI 48084
   Telephone: (248) 649-3333
16 Facsimile: (248) 649-3338

17 Attorneys for Plaintiff
   PLEXXIKON INC.
18

19                    IN THE UNITED STATES DISTRICT COURT

20                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

21                              OAKLAND DIVISION

| | |
|---|---|
| 22  PLEXXIKON INC., | Case No. 4:17-cv-04405-HSG |
| 23                Plaintiff, | **PLAINTIFF PLEXXIKON INC.'S MOTION IN LIMINE NO. 5 RE: EXCLUDING HIDDEN HEARSAY TESTIMONY** |
| 24      v. | |
| 25  NOVARTIS PHARMACEUTICALS CORPORATION, | Date:  September 17, 2019<br>Time:  3:00 p.m.<br>Ctrm:  2 – 4th Floor<br>Judge: Honorable Haywood S. Gilliam, Jr. |
| 26 | |
| 27                Defendant. | |

28               **REDACTED VERSION OF DOCUMENT PROVISIONALLY FILED UNDER SEAL**

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on September 17, 2019 at 3:00 p.m., Plaintiff Plexxikon Inc. ("Plexxikon") will and hereby does move *in limine* pursuant to Federal Rule of Civil Procedure 16(b) and Federal Rules of Evidence 602, 701, and 802, to exclude any nonexpert testimony that contains hearsay or information not based on the witness's personal knowledge.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities included herewith, all pleadings and papers on file in this action, and such further evidence, argument, and exhibits that may be submitted to the Court at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The ability to cross-examine witnesses is a fundamental element of the American trial system. Because hearsay testimony denies the opposing party the opportunity to test the credibility of the absent declarant through cross-examination, its use at trial is strictly limited. Novartis should be prohibited from offering or soliciting hearsay testimony at trial from any witness as to what other, out-of-court individuals told them because that testimony is hearsay.

### II. FACTUAL BACKGROUND

During discovery, GSK's corporate witness Dr. Tara Rheault testified to information that she learned from talking to another former GSK employee. Specifically, Dr. Rheault testified about a conversation she had with a former GSK senior biologist, Dr. Olivia Rossanese. Back in 2005, ███████████████████████████████████████████████████████████████████████████████████████████ At her first deposition, Dr. Rheault was presented as a 30(b)(6) witness on ███████████████████████████████████████████████████████████████████ . That was untrue.

After Dr. Rheault's initial deposition, GSK produced lab notebooks from Dr. Rossanese, a senior biologist on the development team. Dr. Rossanese was the cell biologist who worked on the project team developing Tafinlar, the accused product. *See* Decl. Laura E. Miller in supp. Motion ("Miller Decl.") ¶

1 | 2, Ex. 1 (March 11, 2019 Dep. Tr. GSK (Rheault 30(b)(6))) at 7:6–9:6.  She is one of the authors of one
2 | of the key publications on Tafinlar.  *See, e.g.*, Miller Decl. ¶ 3, Ex. 2 (article).  Dr. Rossanese ▮▮▮
3 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Miller
4 | Decl. ¶ 2, Ex. 1 at 33:22–50:13.

GSK was ordered to provide a 30(b)(6) witness to testify about the work reflected in Dr. Rossanese's notebooks.  GSK did not produce Dr. Rossanese, but instead produced Dr. Rheault, who ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  At her deposition, Dr. Rheault merely ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *Id.* at 29:24–30:14; 68:9–69:10; 79:24–81:24.

## III.    ARGUMENT

At trial, unless a hearsay exception applies, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  There is no exception at trial for witnesses who had previously been designated a Rule 30(b)(6) witness in discovery.  *See Cooley v. Lincoln Elec. Co.*, 693 F. Supp. 2d 767, 791 (N.D. Ohio 2010) ("[A] 30(b)(6) designee cannot 'offer any testimony ... at trial ... to the extent that information was hearsay not falling within one of the authorized exceptions.'" (quoting *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 435 (5th Cir. 2006)); *see also Stryker v. Corp. v. Ridgeway*, No. 1:13-cv-1066, 2016 WL 6585007, at *2–3 (W.D. Mich. Feb. 1, 2016) (collecting cases and holding a hearsay exception must apply to permit testimony outside the witness's personal knowledge at trial); *Deutsche Shell Tanker Gesellschaft mbH v. Placid Refining Co.*, 993 F.2d 466, 473 n.29 (5th Cir.1993) (corporate representative is not permitted to repeat "rank hearsay").  Furthermore, as hearsay denies an opponent the ability to test the veracity of the declarant's statements through cross-examination, the rule against admitting hearsay at trial "holds especially true when there is no independent evidentiary basis that might otherwise prove the truth of the hearsay, such as corroborating testimony from the hearsay declarant."  *Cooley*, 693 F. Supp. 2d at 792 & n.52 (citing *Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F.Supp.2d 206, 215 n.5 (S.D.N.Y. 2007) ("Numerous courts have rejected hearsay evidence by a corporate deponent when there is no additional evidence to support the statements.")).

## IV. CONCLUSION

Novartis should not be permitted to solicit hearsay testimony from any witness—including any corporate witness who was previously designated under Rule 30(b)(6) for purposes of deposition—unless one of the limited exceptions enumerated in the Federal Rules of Evidence applies.  Second-hand testimony is not permitted at trial, and Plexxikon would be prejudiced by its inability to cross-examine the true source of the information.

Dated:  August 27, 2019

DURIE TANGRI LLP

By:     */s/ Laura E. Miller*
        LAURA E. MILLER

Attorney for Plaintiff
PLEXXIKON INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2019 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Laura E. Miller*
LAURA E. MILLER