THOMAS P. STEINDLER (*Pro Hac Vice*)
tsteindler@mwe.com
MCDERMOTT WILL & EMERY LLP
500 N. Capitol St., N.W.
Washington, DC 20001
Tel: (202) 756-8000
Fax: (202) 756-8087

*Attorney for Defendant*
*Novartis Pharmaceuticals Corporation*

*Additional Counsel Listed on Signature Page*

Redacted - Public Version

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| PLEXXIKON INC.,<br><br>Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Defendant. | CASE NO. 4:17-cv-04405-HSG (EDL)<br><br>**NOVARTIS' MOTION *IN LIMINE* NO. 5 RE: EVIDENCE OR ARGUMENT SUGGESTING DAMAGES SHOULD BE AWARDED FOR ANY PERIOD AFTER DECEMBER 2018**<br><br>Date: September 17, 2019<br>Time: 3:00 p.m.<br>Ctrm: 2 – 4th Floor<br>Judge: Honorable Haywood S. Gilliam, Jr. |

REDACTED VERSION OF DOCUMENT TO BE SEALED

NOVARTIS'S MOTION *IN LIMINE* NO. 5 RE: EVIDENCE OR ARGUMENT SUGGESTING
DAMAGES SHOULD BE AWARDED FOR ANY PERIOD AFTER DECEMBER 2018
CASE NO. 4:17-CV-04405-HSG

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that, pursuant to the Court's June 20, 2018 scheduling order (ECF No. 80) on September 17, 2019 at 3:00 p.m. in Courtroom 2 (4th floor) of the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, Defendant Novartis Pharmaceuticals Corporation ("Novartis") hereby does move *in limine* to preclude Plaintiff Plexxikon Inc. ("Plaintiff" or "Plexxikon") from presenting any testimony, evidence, or argument suggesting that the jury should award damages for any period after December 2018.

**RELIEF SOUGHT**

For the reasons set forth in Novartis' Motion *in Limine* No. 5, Novartis moves for an order *in limine* to preclude Plexxikon from presenting any testimony, evidence, or argument suggesting that the jury should award damages for any period after December 2018.

# NOVARTIS'S MOTION *IN LIMINE* NO. 5
# RE: EVIDENCE OR ARGUMENT SUGGESTING DAMAGES SHOULD BE AWARDED FOR ANY PERIOD AFTER DECEMBER 2018

Rule 26 requires that an expert witness must provide a report containing, among other things, a "complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). This Court's Patent Local Rules, meanwhile, require parties asserting infringement to provide a fulsome statement of their damages contentions. P.L.R. 3-8. A plaintiff must supplement those contentions during discovery to disclose its specific theories of recovery. Fed. R. Civ. P. 26(e).

Here, Plexxikon should not be permitted to offer evidence or argument suggesting that the jury should award damages for any period before October 18, 2016, or after December 2018. Specifically, Plexxikon's damages expert, Gregory K. Leonard, Ph.D., opines in his expert report that  And at deposition Dr. Leonard conceded that

Steindler Decl. Ex. K, Leonard Dep. Tr. at 93:10-94:5.

This Court routinely limits experts to the opinions expressed in their expert reports. *See, e.g.*, *U.S. Fidelity & Guaranty Co.*, 641 F.3d 1126, 1138 (9th Cir. 2011) ("A district court does not abuse its discretion in limiting expert testimony to the expert's area of expertise and the subjects contained in the expert's disclosure."); *Tan v. City & County of San Francisco*, No. C 08-01564 MEJ, 2010 WL 726985, at *4 (N.D. Cal. Feb. 26, 2010) (granting "Motion to exclude opinions by defense experts not contained in their reports"); *Sullins v. Exxon/Mobil Corp.*, No. C 08-04927 CW, 2010 WL 11420214, at *2 (N.D. Cal. Jul. 2, 2010) (granting motion *in limine* seeking to limit expert's "testimony to the scope of his expert report" and stating expert's "testimony as an expert witness is limited to the opinions expressed in his expert report"); *Therasense, Inc. v. Becton, Dickinson & Co.*, No. 04-cv-2123-WHA, 2008 WL 2037732, at *4 (N.D. Cal. May 12, 2008) (experts' testimony on direct examination to be limited "to the four corners of their report").

Moreover, "a party's damages contentions must disclose the basis for its expert's specific theory of recovery." *Looksmart Grp., Inc. v. Microsoft Corp.*, 386 F. Supp. 3d 1222, 1233 (N.D. Cal. 2019) (citing *Golden Bridge Tech. Inc. v. Apple, Inc.*, No. 12-cv-04882-PSG, 2014 WL 1928977, at *3 (N.D. Cal. May 14, 2014) (asking whether "the expert has permissibly specified the application of a disclosed theory, or has ... impermissibly substituted a new theory altogether")). "The requirements of L.R. 3-8 could not be more clear: identify the theories of recovery; identify the known facts that support the theories; do the math." *Twilio, Inc. v. Telesign Corp.*, No. 16-cv-06925-LHK (SVK), 2017 WL 5525929, at *2 (N.D. Cal. Nov. 17, 2017). Plexxikon, meanwhile, has not supplemented its P.L.R. 3-8 damages contentions since April 9, 2018, and has not at any time provided any theory for the recovery of damages post December 2018, factual support for any such theory, or any computation of damages for such period. Accordingly, Plexxikon should not be permitted to present such a theory to the jury.

Because Plexxikon's expert concedes that ███████████████████████ ███████████████████████████████ and Plexxikon never presented such

a theory during discovery, Plexxikon should not be permitted to offer evidence or opinion suggesting that the jury should award damages for any period after December 2018.

| | | |
|---|---|---|
| 1 | Dated: August 27, 2019 | Respectfully submitted, |
| 2 | | /s/ *Thomas P. Steindler* |
| 3 | | THOMAS P. STEINDLER (*Pro Hac Vice*) |
| | | tsteindler@mwe.com |
| 4 | | PAUL SCHOENHARD (*Pro Hac Vice*) |
| | | pschoenhard@mwe.com |
| 5 | | MICHAEL S. NADEL (*Pro Hac Vice*) |
| | | mnadel@mwe.com |
| 6 | | IAN BROOKS (*Pro Hac Vice*) |
| | | ibrooks@mwe.com |
| 7 | | JENNIFER ROUTH (*Pro Hac Vice*) |
| | | jrouth@mwe.com |
| 8 | | DAVID MLAVER (*Pro Hac Vice*) |
| 9 | | dmlaver@mwe.com |
| | | McDermott Will & Emery LLP |
| 10 | | 500 N. Capitol St., N.W. |
| | | Washington, DC 20001 |
| 11 | | Tel:  (202) 756-8000 |
| 12 | | Fax:  (202) 756-8087 |
| 13 | | WILLIAM G. GAEDE III (SBN: 136184) |
| | | wgaede@mwe.com |
| 14 | | McDermott Will & Emery LLP |
| 15 | | 275 Middlefield Road, Suite 100 |
| | | Menlo Park, CA 94025 |
| 16 | | Tel:  (650) 815-7400 |
| | | Fax:  (650) 469-1470 |
| 17 | | |
| 18 | | KATHERINE NICOLE CLOUSE (*Pro Hac Vice*) |
| | | nclouse@mwe.com |
| 19 | | McDermott Will & Emery LLP |
| | | 28 State Street |
| 20 | | Boston, MA 02109 |
| | | Tel:  (617) 535-4000 |
| 21 | | Fax:  (617) 535-3800 |
| 22 | | *Attorneys for Defendant* |
| 23 | | *Novartis Pharmaceuticals Corporation* |

McDermott Will & Emery LLP
Attorneys At Law
Washington

- 4 -
NOVARTIS'S MOTION *IN LIMINE* NO. 5 RE: EVIDENCE OR ARGUMENT SUGGESTING
DAMAGES SHOULD BE AWARDED FOR ANY PERIOD AFTER DECEMBER 2018
CASE NO. 4:17-CV-04405-HSG

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on August 27, 2019, the foregoing was served on counsel for Plaintiff Plexxikon Inc. by electronic mail to at least the following addresses:

- SERVICE-BRAF@durietangri.com and
- Plexxikon@youngbasile.com

By: /s/ David Mlaver
David Mlaver (*Pro Hac Vice*)