UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLEXXIKON INC., <br>     Plaintiff, <br> v. <br> NOVARTIS PHARMACEUTICALS CORPORATION, <br>     Defendant. | Case No. 17-cv-04405-HSG <br><br> **ORDER APPOINTING SPECIAL MASTER** <br><br> Re: Dkt. No. 264 |

Pursuant to Federal Rule of Civil Procedure 53, and by the parties' agreement, the Court finds that the appointment of Judge Elizabeth D. Laporte (Ret.) as a special master is warranted in this case to address Plaintiff's Motion in Limine No. 4. *See* Dkt. No. 264. In light of Judge Laporte's detailed knowledge of this case as the former discovery magistrate judge, the Court finds that considerations of fairness and judicial economy constitute "exceptional circumstances" that require her appointment. The Court further finds that use of a special master here will materially advance the litigation, and thereby achieve considerable cost-saving to all parties. Accordingly, by December 20, 2019, the Court requests Judge Laporte to file a declaration under 28 U.S.C. § 455 stating that there is no ground for disqualification. *See* Fed. R. Civ. P. 53(b)(3). Judge Laporte's appointment as special master shall be effective upon the filing of this declaration. Following the appointment, the parties are directed to contact Judge Laporte's case manager Sandra Chan at JAMS to coordinate the date, time, and place of any appearance.

*Notice.* The Court gave all parties notice of its intent to appoint Judge Laporte as special master and an opportunity to be heard with respect to such appointment during the December 3, 2019, case management conference, *see* Dkt. No. 347. *See* Fed. R. Civ. P. 53(b)(1).

*Scope of Duties.* Judge Laporte shall review all briefing and supporting documentation

related to Plaintiff's Motion in Limine No. 4; determine if supplemental briefing is necessary; hear argument; and prepare and file a report and recommendation on the factual findings and disposition of the motion in limine, with all reasonable diligence. The parties shall provide Judge Laporte with copies of all motion papers and other documents relevant to Plaintiff's Motion in Limine No. 4.

*Scope of Authority.* Judge Laporte shall have all the powers set forth in Rule 53(c)(1).

*Preservation of Record.* Pursuant to Rule 53(b)(2)(c), Judge Laporte shall maintain files consisting of all documents submitted by the parties and any written orders, findings, and/or recommendations. Judge Laporte shall serve the report and recommendation on the parties by filing it on the docket.

*Communications.* To facilitate the fulfillment of her duties, Judge Laporte may communicate ex parte to the Court to the extent that she deems it necessary and appropriate. In addition, Judge Laporte may have ex parte communications with a party, but such communications shall be limited to administrative matters such as scheduling hearings, telephone calls or briefing, if such arrangements cannot be made in a timely manner by contacting Judge Laporte's case manager.

*Review of Report and Recommendation.* The parties must file any objection to the report and recommendation within ten (10) days of its entry on the docket. *See* Fed. R. Civ. P. 53(f)(2). If any party objects to the report and recommendation, it shall be the objecting party's responsibility to file the objection and the record materials necessary to review the report and recommendation, including any transcripts of proceedings and any supplemental documents submitted by the parties. Failure to provide the record shall constitute grounds for the Court to overrule the objection. The Court shall review findings of fact for clear error, and shall review de novo any conclusions of law.

*Fees.* The parties will split the fees for Judge Laporte upfront. However, following receipt of the report and the Court's order on the motion in limine, the Court will allocate the fees in a fair and reasonable manner, considering the reasonableness of the parties' respective positions (*i.e.*, for a legitimate dispute, fees will be assessed 50–50, while a party raising an unreasonable position

will bear 100% of the fees associated with the dispute).

**IT IS SO ORDERED.**

Dated: 12/5/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge