| | |
|---|---|
| 1 | DURIE TANGRI LLP |
| | DARALYN J. DURIE (SBN 169825) |
| 2 | ddurie@durietangri.com |
| | DAVID McGOWAN (SBN 154289) |
| 3 | dmcgowan@durietangri.com |
| | EUGENE NOVIKOV (SBN 257849) |
| 4 | enovikov@durietangri.com |
| | LAURA E. MILLER (SBN 271713) |
| 5 | lmiller@durietangri.com |
| | RAGHAV R. KRISHNAPRIYAN (SBN 273411) |
| 6 | rkrishnapriyan@durietangri.com |
| | MATTHEW W. SAMUELS (SBN 294668) |
| 7 | msamuels@durietangri.com |
| | 217 Leidesdorff Street |
| 8 | San Francisco, CA 94111 |
| | Telephone: 415-362-6666 |
| 9 | Facsimile: 415-236-6300 |
| 10 | YOUNG BASILE HANLON & MACFARLANE, P.C. |
| | JEFFREY D. WILSON (*Pro Hac Vice*) |
| 11 | wilson@youngbasile.com |
| | ANDREW R. BASILE, JR. (SBN 208396) |
| 12 | abasile@youngbasile.com |
| | EDDIE D. WOODWORTH (*Pro Hac Vice*) |
| 13 | woodworth@youngbasile.com |
| | RYAN T. MCCLEARY (*Pro Hac Vice*) |
| 14 | mccleary@youngbasile.com |
| | 3001 W. Big Beaver Road, Suite 624 |
| 15 | Troy, MI 48084 |
| | Telephone: (248) 649-3333 |
| 16 | Facsimile: (248) 649-3338 |
| 17 | Attorneys for Plaintiff |
| | PLEXXIKON INC. |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PLEXXIKON INC., <br><br> Plaintiff, <br><br> v. <br><br> NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> Defendant. | Case No. 4:17-cv-04405-HSG <br><br> **PLAINTIFF PLEXXIKON INC.'S MOTION AND ORDER TO EXTEND TIME TO SUBMIT OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND SUMMARY JUDGMENT MOTION** <br><br> Ctrm: 2 – 4th Floor <br> Judge: Honorable Haywood S. Gilliam, Jr. |

**TABLE OF CONTENTS**

I. BACKGROUND ..................................................................................................................1

II. DISCUSSION ....................................................................................................................2

III. CONCLUSION...................................................................................................................3

PLAINTIFF'S MOTION AND ORDER TO EXTEND TIME TO SUBMIT OPPOSITION TO
DEFENDANT'S MOTION FOR LEAVE / CASE NO. 4:17-CV-04405-HSG

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ahanchian v. Xenon Pictures, Inc.*,
   624 F.3d 1253 (9th Cir. 2010) ...................................................................................2, 3

*Briones v. Riviera Hotel & Casino*,
   116 F.3d 379 (9th Cir. 1997) .........................................................................................2

*Pincay v. Andrews*,
   389 F.3d 853 (9th Cir. 2004) (en banc) ........................................................................3

**Rules**

Fed. R. Civ. P. 6..................................................................................................................1, 2

Local Rule
   6-3 ...................................................................................................................................1
   7-2(a)..............................................................................................................................2
   7-3(a)..............................................................................................................................1

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and Northern District of California Civil Local Rules 6-3, Plaintiff Plexxikon Inc. ("Plexxikon") respectfully requests that the Court enter an order extending the time for Plexxikon to oppose Defendant's Motion for Leave to File Second Summary Judgment Motion ("Motion for Leave") from December 9, 2019 to December 10, 2019 and allowing Plexxikon's filing made on that date. Defendant Novartis Pharmaceuticals Corporation ("Novartis") has indicated that it does not consent to Plexxikon's motion, but does not intend to file an opposition. *See* Decl. Eugene Novikov in Supp. Mot. ("Novikov Decl.") ¶ 8, Ex. B.

## I. BACKGROUND

Novartis filed its Motion for Leave on November 26, 2019. ECF No. 345. Under Local Rule 7-3(a), Plexxikon's opposition to Novartis's Motion for Leave was due on Monday, December 9, 2019. *See* L.R. 7-3(a). Plexxikon filed the opposition one day late due to a calendaring error occasioned by an unfortunate and unlikely series of events.

On the evening of the December 3, 2019 Case Management Conference, counsel for Plexxikon prepared an internal summary of upcoming deadlines incorporating the changed and additional deadlines announced at the Case Management Conference. *See* Novikov Decl. ¶ 3. In that summary, counsel inadvertently misstated the deadline for Plexxikon's opposition to Novartis's Motion for Leave, writing that it was due one week from the date of the email's transmission—i.e., December 10, 2019. *Id.*

After the summary was circulated, calendaring staff for Plexxikon's counsel used the summary to adjust the case calendar in the firm's CompuLaw software. *Id.* ¶ 4. Because certain other deadlines and events were added and changed at the Case Management Conference, as set forth in the summary, counsel's calendaring staff interpreted the inadvertent misstatement of the deadline for the opposition to the Motion for Leave as likewise changing the previously-calendared deadline from December 9 to December 10, and made the adjustment in the CompuLaw software. *Id.* These changes are reflected in an Event Audit Report of counsel's CompuLaw software. *Id.* ¶ 5, Ex. A at 9.

Counsel thereafter relied on the incorrectly calendared date to file Plexxikon's opposition to Novartis's Motion for Leave one day late, on December 10, 2019. *Id.* ¶ 6; *see* ECF No. 351. Counsel discovered the fact of the belated filing after reviewing Novartis's reply in support of its Motion for Leave, filed on December 13, 2019. *Id.*; *see* ECF No. 353.

1

## II. DISCUSSION

Federal Rule of Civil Procedure 6(b)(1)(B) provides that for any act that must be done by a party within a specified time frame, the court may "for good cause, extend the time . . . after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Courts in the Ninth Circuit examine factors such as the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). "[T]he determination of whether a party's neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* at 382 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (alteration in original) (citations omitted).

Counsel's failure to timely file Plexxikon's opposition to Novartis's Motion for Leave is the result of excusable neglect. As to the first *Briones* factor, prejudice, Novartis does not contend in its reply brief that it would be prejudiced should the Court accept Plexxikon's opposition. *See* ECF No. 353 at 1. As to the second, the length of the delay and its impact, Plexxikon's one-day delay will not impact the proceedings in this case, as Novartis's motion remains scheduled to be heard on January 19, 2019, and the motion is now completely briefed with a longer lead time to the hearing than the Local Rules specify. *See* L.R. 7-2(a). Moreover, the Ninth Circuit has found longer delays sufficiently *de minimis* to warrant permitting the late filing. *See, e.g.*, *Ahanchian*, 624 F.3d at 1262 (concluding plaintiff's counsel sufficiently established that his three-day-late filing of an opposition to defendant's summary judgment motion was the result of excusable neglect); *Briones*, 116 F.3d at 380 (remanding for district court to consider whether to entertain opposition filed three and one-half months after the filing deadline).

The third and fourth factors, the reason for the delay and the movant's good faith, also weigh in favor of granting Plexxikon's motion here. As explained above and in the accompanying declaration, the delay was due to an unlikely confluence of events that caused counsel's calendared deadline to incorrectly shift by a day. The Ninth Circuit has found excusable neglect on a less clear record. *See*

*Ahanchain*, 624 F.3d at 1262 (concluding that the plaintiff should have been allowed to file an opposition three days after the deadline where the belated filing was "due to a calendaring mistake and computer problems"); *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc) (affirming a finding of excusable neglect where the defendants asserted that their twenty-four day late filing resulted from a calendaring mistake caused by attorneys and paralegals misapplying a clear legal rule).

### III. CONCLUSION

For the foregoing reasons, Plexxikon respectfully requests that the Court issue an order extending the time for Plexxikon to file its Opposition to Opposition to Defendant's Motion for Leave to File Second Summary Judgment Motion from December 9, 2019 to December 10, 2019 and allowing Plexxikon's filing made on that date.

Dated: December 16, 2019

DURIE TANGRI LLP

By: */s/ Eugene Novikov*
EUGENE NOVIKOV

Attorney for Plaintiff
PLEXXIKON INC.

# **ORDER**

Having considered Plaintiff Plexxikon Inc.'s Motion to Extend Time to Oppose Defendant's Motion for Leave to File Second Summary Judgment Motion and the materials submitted in connection therewith, the Court hereby GRANTS Plexxikon's motion. The Court finds the December 10, 2019 filing of Plexxikon's Opposition to Defendant's Motion for Leave to File Second Summary Judgment Motion, ECF No. 351, to be the result of excusable neglect, and allows this filing under Federal Rule of Civil Procedure 6(b)(1)(B) and Northern District of California Civil Local Rules 6-3.

**IT IS SO ORDERED.**

Date: 12/17/2019

_____
Honorable Haywood S. Gilliam, Jr.
United States District Judge