United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLEXXIKON INC., <br> Plaintiff, <br> v. <br> NOVARTIS PHARMACEUTICALS CORPORATION, <br> Defendant. | Case No. 17-cv-04405-HSG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE DEFENDANT'S *DAUBERT* MOTIONS** <br><br> Re: Dkt. No. 236 |

Pending before the Court is Plaintiff Plexxikon Inc.'s motion to strike Defendant Novartis Pharmaceutical Corporation's *Daubert* motions. *See* Dkt. No. 236. The Court held a hearing on November 1, 2019. Dkt. No. 337. As indicated during the hearing, and as detailed further below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

I. **DISCUSSION**

Plaintiff challenges the timeliness of Defendant's four *Daubert* motions, filed on June 6, 2019. *See* Dkt. Nos. 200, 202, 204, 206. In the alternative, Plaintiff seeks to strike a declaration filed in support of one of the *Daubert* motions. *See* Dkt. No. 200-1. The Court addresses each argument in turn.

A. **Motion to Strike *Daubert* Motions for Timeliness**

Plaintiff first seeks to strike all of Defendant's *Daubert* motions as untimely. *See* Dkt. No. 236. In doing so, Plaintiff invokes the Court's inherent authority to manage its docket. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing the power "inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Plaintiff urges that Defendant's June 6 *Daubert* motions contravene at least three of the Court's prior orders and the Court's Civil Pretrial and Trial Standing Order.

1   On June 20, 2018, the Court issued a revised scheduling order setting the deadline for
2   hearing dispositive motions as June 20, 2019, and setting trial to begin on October 7, 2019. *See*
3   Dkt. No. 80. The schedule did not include a deadline for non-dispositive motions generally, or
4   *Daubert* motions more specifically. *Id.* On May 21, 2019, the Court directed Defendant to file its
5   dispositive motion by May 23, 2019, and continued the hearing on the parties' dispositive
6   motions. *See* Dkt. No. 173. Again, the order was silent as to the timing of non-dispositive
7   motions. On May 28, 2019, the Court granted Plaintiff's motion to extend its time to respond to
8   Defendant's pending motions. *See* Dkt. No. 183. The order adopted Plaintiff's proposal—and
9   language—to extend Plaintiff's deadline to file oppositions to Defendant's "dispositive and non-
10  dispositive motions," as well as the corresponding reply deadline. *Id.; see also* Dkt. No. 180-6
11  (Proposed Order). The order also continued the hearing on the non-dispositive motions to August
12  29, 2019. *See id.* The order did not set a deadline for the filing of further non-dispositive motions.
13  Indeed, none of these orders set a non-dispositive motion or *Daubert* motion deadline.

14  The Court's Civil Pretrial and Trial Standing Order states that "[m]otions in limine cannot
15  be used to request summary judgment or raise *Daubert* challenges unless the Court has
16  specifically granted prior approval." *See* Civil Pretrial and Trial Standing Order ¶ 24. The Court's
17  general practice is to hear *Daubert* motions on or before the dispositive motions hearing deadline.
18  However, the Court acknowledges that there is ambiguity in its standing order regarding when to
19  file *Daubert* motions. The Court will not penalize Defendant based on a non-explicit deadline,
20  particularly here where Plaintiff had ample time to oppose and argue the merits of Defendant's
21  *Daubert* motions. The Court **DENIES** Plaintiff's motion to strike Defendant's *Daubert* motions
22  on this basis.

23  **B.  Motion to Strike Expert Declaration**

24  One of Defendant's June 6 *Daubert* motions, directed to the opinions of Plaintiff's expert
25  Dr. Michael L. Metzker, was supported by a declaration from Defendant's expert, Dr. Phil Baran.
26  *See* Dkt. No. 199-6. Plaintiff seeks, in the alternative, to strike Dr. Baran's declaration in its
27  entirety as an untimely supplemental expert report. *See* Dkt. No. 236 at 4.
28  Federal Rule of Civil Procedure 26 requires that a party's expert witness disclose, in a

written report, "a complete statement of all opinions the witness will express" at trial, and the basis and reasons for them. *See* Fed. R. Civ. P. 26(a)(2)(B)(i). Rebuttal disclosures of expert testimony are "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in its expert disclosures. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). Rule 26 further provides that these disclosures be made at the times directed by the Court. *See* Fed. R. Civ. P. 26(a)(2)(D). Rule 37, in turn, provides that if a party fails to provide the information required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The Court has "particularly wide latitude . . . to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Here, Defendant acknowledges that Dr. Baran's declaration contains some arguments and analysis not previously disclosed in his rebuttal report. *See, e.g.*, Dkt. No. 247 at 7, 9–12. Defendant also appears to acknowledge—as it must—that Dr. Baran's declaration was submitted after the close of expert discovery. *See* Dkt. No. 80 (setting May 2, 2019, as the deadline for expert discovery). However, Defendant urges that this new information was solely in response to Dr. Metzker's reply expert report, submitted on April 11, 2019, and Dr. Metzker's deposition testimony, taken on May 1, 2019. *See id.* at 7. As such, Defendant explains that Dr. Baran could not have included these arguments in his March 14, 2019, rebuttal expert report. Defendant contends that Dr. Baran's declaration is thus an appropriate supplement under Rule 26(e)(2), and even if the Court disagrees with this characterization, Dr. Baran's declaration is substantially justified and harmless and should not be precluded under Rule 37.

As the Ninth Circuit has explained, "[R]ule 26(e) creates a "duty to supplement," but "not a right" to do so. *See Luke v. Family Care & Urgent Med. Clinics*, 323 Fed. App'x 496, 500 (9th Cir. 2009). The Ninth Circuit has cautioned that Rule 26(e) is not "a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise [its] disclosures in light of [its] opponent's challenges to the analysis and conclusions therein, can add to them to [its] advantage after the court's deadline for doing so has passed." *Id.*; *see also Mariscal v. Graco*,

3

Inc., 52 F. Supp. 3d 973, 983–84 (N.D. Cal. 2014) ("Although Rule 26(e) obliges a party to supplement or correct its disclosures upon information later acquired, this does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report . . . ." (quotation omitted)). The Court is particularly alert to such gamesmanship where, as here, Defendant submitted the additional expert material in conjunction with its *Daubert* motions, and only after expert discovery had closed. The supplementation requirement is only intended to "correct[] inaccuracies, or fill[] the interstices of an incomplete report based on information that was not available at the time of the initial disclosure."[1] *Id.* (quotation omitted).

The Court, therefore, looks closely at Dr. Baran's declaration to determine what additions are derived from new information contained in Dr. Metzker's reply report and his deposition. At a high level, Dr. Baran's declaration, much like his rebuttal report, seeks to explain why Dr. Metzker's education and experience are insufficient to qualify him as a person of ordinary skill in the art ("POSITA") in this case. *Compare* Dkt. No. 236-2, Ex. 1 ("Baran Rebuttal Report"), *with* Dkt. No. 200-1 ("Baran Decl."). But Dr. Baran's declaration goes much further: the five paragraphs in his rebuttal report about whether Dr. Metzker is a POSITA expand to 60 paragraphs in his declaration. *Id.* The Court finds that only some of these paragraphs contain a reasonable synthesis of the arguments in Dr. Baran's rebuttal report or turn on newly supplied information.

Plaintiff appears to concede in reply, and the Court finds, that ¶¶ 1–32 of Dr. Baran's declaration do not contain new analysis, but rather summarize the background sections of his rebuttal expert report. *See* Baran Decl. at ¶¶ 1–32 (describing Dr. Baran's qualifications, a summary of the asserted patents, his description of the pertinent art and a POSITA, and a recitation of Dr. Metzker's qualifications).

In contrast, ¶¶ 33–35 and ¶¶ 42–46 expand Dr. Baran's prior analysis of Dr. Metzker's education and experience. *See* Baran Decl. at ¶¶ 33–35, 42–46. Dr. Baran cites several of Dr.

---

[1] The Ninth Circuit has enumerated several factors to guide the Court's analysis, including: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir. 2010). And although not binding authority, the Court considers the Ninth Circuit's decision in *Lanard Toys* as persuasive authority.

4

1 Metzker's publications to conclude that a third-party, and not Dr. Metzker, performed the relevant

2 work, and that Dr. Metzker is not a POSITA. *See id.* at ¶¶ 35, 45–46. He also parses Dr.

3 Metzker's postgraduate experience to conclude it is irrelevant or insufficient. Yet Dr. Metzker's

4 CV and publications were available to Dr. Baran at the time he drafted his rebuttal report.

5 Moreover, ¶¶ 40, 50–57 explain the differences between Dr. Metzker's background and

6 what Dr. Baran defines as the pertinent arts. *See id.* at ¶¶ 40, 50–57 (contrasting use of DNA

7 sequencing technology, biochemistry, and biophysics with medicinal chemistry and synthetic

8 organic chemistry). Defendant suggests that it did not know such detail would be necessary until

9 Dr. Metzker explained in reply and deposition that his experience was "equivalent" to the parties'

10 agreed-upon definition of a POSITA. *See* Dkt. No. 247 at 11–12. However, Defendant was on

11 notice as early as February 4, 2019, that Plaintiff intended to offer Dr. Metzker as an expert in this

12 case. *See* Dkt. No. 80 (setting February 4 as date for exchange of opening expert reports). The

13 Court is not persuaded that Defendant "could not have known" that Dr. Metzker would conclude

14 his background was sufficient to qualify as a POSITA until after Dr. Metzker's deposition. *See*

15 Dkt. No. 247 at 11. Dr. Baran could have reviewed Dr. Metzker's CV and explained in similar

16 detail in his rebuttal report why Dr. Metzker's B.S. in Biochemistry and Biophysics and his Ph.D.

17 in Molecular and Human Genetics do not qualify him as a POSITA in this case. Instead, Dr.

18 Baran waited to include this detail in a declaration attached to a *Daubert* motion to exclude Dr.

19 Metzker. This is precisely the kind of invocation of Rule 26(e) against which the Ninth Circuit

20 has cautioned. *See Luke*, 323 Fed. App'x at 500. Likewise, the Court is not persuaded that the

21 inclusion of these paragraphs is "substantially justified." Dr. Baran could have proffered more in-

22 depth analysis of Dr. Metzker's background in his rebuttal report and chose not to do so.

23 The only two paragraphs in Dr. Baran's declaration that appear to turn on new information

24 contained in Dr. Metzker's deposition are ¶¶ 41 and 47. Paragraph 41 states that Dr. Metzker

25 testified that he supervised a postdoctoral chemist during his time as an adjunct professor, and Dr.

26 Baran concludes that supervising a chemist is not the same as actually having experience in

27 organic or medicinal chemistry. And ¶ 47 states that during his deposition, Dr. Metzker could not

28 point to any particular compound that he developed. The Court is cognizant that if an expert's

subsequent reply report or deposition could always be used as a justification to supplement existing expert reports, then the Court's expert discovery deadlines would be rendered merely advisory. Neither the Federal Rules nor the Court's scheduling order contemplate preparation of expert reports in perpetuity. Still, the Court agrees that Dr. Baran could not have obtained this information about Dr. Metzker's experience, or lack thereof, simply by reviewing Dr. Metzker's CV. The Court finds that these two paragraphs are thus appropriate supplementation under Rule 26(e).

Defendant argues that regardless, Dr. Baran's declaration is harmless because Plaintiff had the opportunity to respond to it in its opposition to the *Daubert* motion, and Plaintiff could have taken Dr. Baran's deposition about these new topics. *See* Dkt. No. 247 at 12–13. However, Defendant ignores that expert discovery had closed on May 2, 2019, over a month before Dr. Baran's declaration was filed. *See* Dkt. No. 80. And although the Court ultimately continued the dispositive hearing and trial dates to accommodate the complexity of this case and volume of the parties' disputes, this was not an invitation to expand discovery. As Defendant points out, "whether Dr. Metzker should be able to offer his opinion to the jury [] is extremely important . . . ." *See* Dkt. No. 247 at 13. As such, if the Court were to authorize Dr. Baran's untimely supplementation, the Court would have to substantially modify the case schedule to reopen discovery on the eve of trial. The Court declines to do so, particularly as the Court has already had to modify the case schedule significantly. The Court finds that Defendant will not be unduly prejudiced by the exclusion because it may continue to rely on Dr. Baran's rebuttal report and several paragraphs in Dr. Baran's declaration. Moreover, should Dr. Metzker testify at trial, Defendant will have the opportunity to challenge Dr. Metzker's qualifications at that point.

The Court, therefore, **GRANTS IN PART** the motion to strike Dr. Baran's declaration, finding that the untimely disclosure of the additional information contained in ¶¶ 33–35, 38–40, 42–46, and 50–57 was not substantially justified or harmless.

## II. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's motion to strike Defendant's *Daubert* motions as untimely, but **GRANTS IN PART** the motion to strike ¶¶ 33–35, 38–40, 42–46, 50–57 of Dr.

Baran's declaration.

**IT IS SO ORDERED.**

Dated: 3/20/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge