| | |
|---|---|
| 1 | DURIE TANGRI LLP |
| | DARALYN J. DURIE (SBN 169825) |
| 2 | ddurie@durietangri.com |
| | DAVID McGOWAN (SBN 154289) |
| 3 | dmcgowan@durietangri.com |
| | EUGENE NOVIKOV (SBN 257849) |
| 4 | enovikov@durietangri.com |
| | LAURA E. MILLER (SBN 271713) |
| 5 | lmiller@durietangri.com |
| | RAGHAV R. KRISHNAPRIYAN (SBN 273411) |
| 6 | rkrishnapriyan@durietangri.com |
| | MATTHEW W. SAMUELS (SBN 294668) |
| 7 | msamuels@durietangri.com |
| | 217 Leidesdorff Street |
| 8 | San Francisco, CA 94111 |
| | Telephone: 415-362-6666 |
| 9 | Facsimile: 415-236-6300 |
| 10 | YOUNG BASILE HANLON & MACFARLANE, P.C. |
| | JEFFREY D. WILSON (*Pro Hac Vice*) |
| 11 | wilson@youngbasile.com |
| | ANDREW R. BASILE, JR. (SBN 208396) |
| 12 | abasile@youngbasile.com |
| | EDDIE D. WOODWORTH (*Pro Hac Vice*) |
| 13 | woodworth@youngbasile.com |
| | RYAN T. MCCLEARY (*Pro Hac Vice*) |
| 14 | mccleary@youngbasile.com |
| | 3001 W. Big Beaver Road, Suite 624 |
| 15 | Troy, MI 48084 |
| | Telephone: (248) 649-3333 |
| 16 | Facsimile: (248) 649-3338 |
| 17 | Attorneys for Plaintiff |
| | PLEXXIKON INC. |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PLEXXIKON INC., | Case No. 4:17-cv-04405-HSG |
| Plaintiff, | **PLAINTIFF PLEXXIKON INC.'S UNOPPOSED MOTION AND [PROPOSED] ORDER TO EXTEND TIME TO SUBMIT PUBLIC VERSIONS OF DOCUMENTS** |
| v. | |
| NOVARTIS PHARMACEUTICALS CORPORATION, | Ctrm: 2 – 4th Floor |
| | Judge: Honorable Haywood S. Gilliam, Jr. |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and Northern District of California Civil Local Rule 6-3, Plaintiff Plexxikon Inc. ("Plexxikon") respectfully requests that the Court enter an order extending the time for Plexxikon to file public versions of documents previously filed by Plexxikon for which the proposed sealing has been denied or denied-in-part as a result of the Court's March 13, 2020 Order Granting in Part and Denying in Part Motions to Seal ("Sealing Order"), and allowing Plexxikon's filing of such documents (the "Public Documents") on March 23, 2020, ECF Nos. 396–405. Defendant Novartis Pharmaceuticals Corporation ("Novartis") does not oppose this motion. *See* Decl. Matthew W. Samuels in Supp. Mot. ("Samuels Decl.") ¶ 6.

## I. BACKGROUND

Plexxikon and Novartis filed a number of administrative motions to file under seal in connection with their summary judgment, *Daubert*, and *in limine* motions. *See generally* Sealing Order. On March 13, 2020, the Court issued a Sealing Order granting in part and denying in part the parties' administrative motions to file under seal, and directing the parties "to file public versions of all documents for which the proposed sealing has been denied, as indicated in the chart above, within seven days from the date of this order." *Id.* at 39.

On March 20, 2020, counsel for Plexxikon twice attempted to file the Public Documents as attachments to a Notice of Compliance. Samuels Decl. ¶¶ 3–4. On both occasions, CM/ECF was unable to accept the filing, and instead indicated that "[a]n internal error has occurred" and that CM/ECF "could not open [the] context file." *Id.*, Exs. A, B.

On March 23, 2020, counsel for Plexxikon contacted the California Northern District Court CM/ECF Help Desk at 866-638-7829. *Id.* ¶ 5. The Help Desk representative explained that the error may have been due either to the number of attachments to the Notice or to the system timing out given the length of time required to upload the documents, and advised that counsel may have more luck first filing a notice with approximately 7 attachments and then filing the remaining attachments in batches of approximately 7 that are linked back to the notice. *Id.* Following this call, counsel for Plexxikon filed a Notice of Compliance with Court Order Dated March 13, 2020 (Dkt. No. 386), ECF No. 396, with the Public Documents as attachments, ECF Nos. 397–405. *See id.*

## II. DISCUSSION

Federal Rule of Civil Procedure 6(b)(1)(B) provides that for any act that must be done by a party within a specified time frame, the court may "for good cause, extend the time . . . after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Courts in the Ninth Circuit examine factors such as the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). "[T]he determination of whether a party's neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* at 382 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (alteration in original) (citations omitted).

The failure to timely file the Public Documents is the result of excusable neglect. As to the first *Briones* factor, prejudice, Novartis does not oppose this request and will not be prejudiced should the Court permit the delayed filing of the Public Documents. As to the second, the length of the delay and its impact on judicial proceedings, Plexxikon's one-day delay will not impact the proceedings in this case, as the Court has had access to under-seal versions of the Public Documents and therefore has had the ability to review the merits of the parties' summary judgment, *Daubert*, and in limine motions. The third and fourth factors, the reason for the delay and the movant's good faith, also weigh in favor of granting Plexxikon's motion here. As explained above and in the accompanying declaration, the delay was due to an unforeseen error on the part of CM/ECF that caused Plexxikon to miss the deadline.

## III. CONCLUSION

For the foregoing reasons, Plexxikon respectfully requests that the Court issue an order extending the time for Plexxikon to file the Public Documents from March 20, 2020 to March 23, 2020 and allow the filing of such documents.

| | | |
|---|---|---|
| Dated: March 23, 2020 | | DURIE TANGRI LLP |
| | By: | */s/ Matthew W. Samuels* |
| | | MATTHEW W. SAMUELS |
| | | Attorney for Plaintiff |
| | | PLEXXIKON INC. |

# [PROPOSED] ORDER

Having considered Plaintiff Plexxikon Inc.'s Unopposed Motion to Extend Time to Submit Public Versions of Documents and the materials submitted in connection therewith, the Court GRANTS Plexxikon's motion. The Court finds the March 23, 2020 filing of Plexxikon's Notice of Compliance with Court Order Dated March 13, 2020 (Dkt. No. 386), ECF No. 396, and the exhibits thereto, ECF Nos. 396–405, to be the result of excusable neglect, and allows their filing under Federal Rule of Civil Procedure 6(b)(1)(B) and Northern District of California Civil Local Rule 6-3.

**IT IS SO ORDERED.**

Dated: 3/24/2020

_____
HONORABLE HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE