UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLEXXIKON INC.,<br><br>Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Defendant. | Case No. 17-cv-04405-HSG<br><br>**ORDER GRANTING MOTION TO STRIKE PORTIONS OF EXPERT REPORT**<br><br>REDACTED VERSION<br><br>Re: Dkt. No. 179 |

Pending before the Court is Defendant Novartis Pharmaceuticals, Inc.'s motion to strike portions of the expert report by Dr. Michael L. Metzker. The Court heard argument on this motion on November 1, 2019. *See* Dkt. No. 341. As indicated during the hearing and as detailed below, the Court **GRANTS** the motion.

**I.  BACKGROUND**

Plaintiff Plexxikon, Inc. accuses Defendant's drug Tafinlar® of infringing two of its patents, U.S. Patent Nos. 9,469,640 (the '640 Patent) and U.S. Patent No. 9,844,539 (the '539 Patent). Both patents claim priority to a common provisional patent application filed on July 17, 2007. However, in its infringement contentions, dated January 2, 2018, Plaintiff contended that both the '640 Patent and the '539 Patent are entitled to a priority date "at least as early as March 10, 2005" based on "a project meeting held on that date" during which "the inventors conceived of the claimed invention." *See* Dkt. No. 179-4, Ex. 2 at 8–9. As required by Patent L.R. 3-2(b), Plaintiff concurrently produced documents in support of its claim to this earlier priority date. *See id.* On April 25, 2018, Plaintiff served amended infringement contentions. *See* Dkt. No. 179-6, Ex. 4. However, Plaintiff reiterated that it was "entitled to a priority date at least as early as March 10, 2005." *Id.* at 8–9.

On June 25, 2018, Plaintiff served Defendant with a supplemental interrogatory response, which again asserted that "[t]he subject matter of the Asserted Claims was conceived at least as of March 10, 2005, for at least the reason that the inventors conceived of the claimed invention at least as of a project meeting held on that date." *See* Dkt. No. 179-7, Ex. 5 at 12. For the first time, Plaintiff also noted that "[t]he inventors' conception is further shown, along with constructive reduction to practice, by draft patent applications and claims prepared before the dates" of Defendant's proffered prior art references, including one dated February 16, 2007. *See id.* at 14. Plaintiff did not, however, amend its infringement contentions to identify another priority date.

On March 14, 2019, Plaintiff served Dr. Metzker's rebuttal report. *See* Dkt. No. 179-3, Ex. 1. The report set forth, *inter alia*, Dr. Metzker's opinions regarding the priority date of the asserted claims. *See id.* at ¶ 5(c). Although Dr. Metzker offers support for Plaintiff's March 2005 priority date,[1] in the alternative he contends that "the inventors of the '640 and '539 patents conceived of the inventions of those claims *by no later than February 2, 2007*, when a draft patent application delineating virtually all the claimed compounds was drafted . . . ." *Id.* at ¶ 23 (emphasis added); *see also id.* at ¶¶ 5(c), 57–69, 81.

Defendant moves to strike portions of Dr. Metzker's rebuttal expert report to the extent he proffers an alternative priority date of February 2, 2007. *See* Dkt. No. 179. Defendant contends that Plaintiff failed to disclose this theory and the supporting documentation in its infringement contentions as required under Patent L.R. 3-2(b). *See id.* at 2.

**II. LEGAL STANDARD**

Under Patent L.R. 3-1, Plaintiff is required to serve its infringement contentions on all parties and such contentions must include, *inter alia*, "the priority date to which each asserted claim allegedly is entitled" and "[a]ll documents evidencing the conception." *See* Patent L.R. 3-1(f); 3-2(b). The Court set January 2, 2018, as the deadline for Plaintiff's infringement

---

[1] Dr. Metzker asserts that the "inventions of claim 1 of the '640 Patent and claim 1 of the '539 Patent were reduced to practice by March 18, 2005," and that they were conceived of by March 14, 2005, rather than March 10, 2005. *See* Dkt. No. 179-3, Ex. 1 at ¶¶ 5(c), 23. However, Defendant does not appear to challenge this slight variation, stating instead that it "is a 'permissible application' of Plexxikon's disclosed March 10, 2005 theory." *See* Dkt. Nos. 179 at 7, n.4.

2

contentions. *See* Dkt. No. 57.

As this Court has previously noted, "'[t]he Northern District of California's Patent Local Rules exist to further the goal of full and timely discovery and provide all parties with adequate notice and information with which to litigate their cases.'" *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2015 WL 9460295, at *1 (N.D. Cal. Dec. 23, 2015) (*quoting Verinata Health Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 4100638, at *1 (N.D. Cal. Aug. 20, 2014)). "'The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.'" *Id.* (*quoting Verinata Health*, 2014 WL 4100638, at *1). The Court has wide discretion to manage its cases, including in the application of the Patent Local Rules. *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1287, 1292 (Fed. Cir. 2005).

## III. DISCUSSION

Plaintiff responds that by listing March 10, 2005, as the earliest priority date to which each asserted claim is allegedly entitled, Plaintiff complied with the Patent Local Rules and the Court's scheduling order. *See* Dkt. No. 208 at 1. Plaintiff urges that Dr. Metzker's rebuttal report maintains the March 2005 priority date, but simply proffers intermediate dates—namely, February 2, 2007—in response to Defendant's prior art references. During the hearing on this motion, Plaintiff also argued that the draft patent applications, on which these intermediate priority dates are premised, are privileged. Plaintiff explained that although it ultimately decided to waive privilege, it would be unreasonable to expect Plaintiff to make such privilege waiver determinations so early in the course of this litigation. *See* Dkt. No. 341 ("Hearing Tr.") at 47:24–53:3. The Court addresses each argument in turn.

### A. Patent Local Rules

As an initial matter, Plaintiff appears to concede—as it must—that it did not explicitly identify February 2, 2007, as an alternative priority date in the infringement contentions that it served on January 2, 2018. *See* Dkt. No. 208 at 8 (arguing that it was not required to disclose "the possibility that it might rely on a *later* priority date as an alternative position"). Plaintiff nevertheless raises several arguments that it properly complied with its obligations under Patent

3

L.R. 3-2(b), and should not be precluded from relying on the February 2, 2007 priority date.

*First*, Plaintiff reads the Patent Local Rules as requiring disclosure of only the *earliest* of all possible priority dates. *See* Dkt. No. 208 at 6–9. Plaintiff thus contends that it was free to rely on a *later* priority date in response to Defendant's invalidity arguments, even one almost two years after the identified March 10, 2005, priority date. *Id.* Plaintiff suggests that this would not prejudice Defendant or frustrate the purpose of the Patent Local Rules because, armed with the earliest possible priority date, Defendant could identify all prior art relevant to its invalidity contentions. *Id.* at 8–9.

But Plaintiff's interpretation cannot be squared with the plain language of the Patent Local Rules. Rule 3-1(f) requires a party claiming patent infringement to identify "*the priority date* to which each asserted claim allegedly is entitled." *See* Patent L.R. 3-1(f) (emphasis added). It does not request the "earliest priority date" or even "a priority date." Similarly, Rule 3-2(b) requires a party claiming patent infringement to produce "[a]ll documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before *the priority date* identified pursuant to Patent L.R. 3-1(f)." Patent L.R. 3-2(b) (emphasis added). The Rules plainly require Plaintiff to identify specific dates, and not simply a range of dates running from the earliest possible priority date through to some unidentified end date. *Accord Finjan, Inc. v. Zscaler, Inc.*, No. 17-cv-06946-JST (KAW), 2019 WL 1528422 (N.D. Cal. April 9, 2019) ("[C]ourts in this district have held that the Patent Local Rules require[] a patent holder to assert a specific date of conception, not a date range.") (quotations omitted) (collecting cases).

Moreover, under Plaintiff's interpretation, defendant would not have any certainty in Plaintiff's infringement theories, including the timing of conception or reduction to practice, before it had to formulate its invalidity contentions. Allowing Plaintiff to identify a range of dates, however, would "allow[] it to reverse the order of the procedure contemplated by [the Northern District's] Patent Local Rules, giving it a preview of [the accused infringer's] invalidity contentions before offering a concrete conception date." *Harvatek Corp. v. Cree, Inc.*, No. C 14-05353 WHA, 2015 WL 4396379, at *2 (N.D. Cal. July 17, 2015). Plaintiff's opposition highlights

4

this potential gamesmanship. Plaintiff explains that:

> Plexxikon, after receiving Novartis's invalidity contentions, discovered that Novartis's principal prior art theories relied on ████. Plexxikon thereafter made the decision to waive privilege as to 2007 draft patent applications and email correspondence with its patent prosecutor in view of Novartis's reliance on ████ . . . .

See Dkt. No. 208 at 9. In other words, Plaintiff adjusted its infringement theories, including the priority date of the asserted patents, only after it reviewed Defendant's invalidity contentions and understood its "principal" arguments. The Patent Local Rules, however, are designed so that the party asserting infringement must "crystallize its theories of the case early in the litigation and [] adhere to those theories once disclosed." *Bender v. Advanced Micro Devices, Inc.*, No. C-09-1149 MMC(EMC), 2010 WL 363341, at *1 (N.D. Cal. Feb. 1, 2010); *accord OpenTV, Inc. v. Apple Inc.*, No. 15-CV-02008-EJD (NC), 2016 WL 3196643, at *3 (N.D. Cal. June 9, 2016) ("[T]he spirit of the patent local rules is to ensure early crystallization of the parties' theories, and specifically, to place the burden on the plaintiff to quickly decide on and disclose the contours of its case.").

Plaintiff relies heavily on a single out-of-district case, *Sipco, LLC v. Control4 Corp.*, No. 1:11-CV-0612-JEC-ECS, 2012 WL 13008144, at *4 (N.D. Ga. Sept. 29, 2012), to suggest that the identification of later priority dates is nonprejudicial. In *Sipco*, the plaintiff identified several different priority dates in its infringement contentions. *Id.* The court denied the defendant's motion to compel the plaintiff to amend its infringement contentions to identify a single priority date, noting that the plaintiff was free to argue in the alternative and the defendant was on notice of the relevant pool of prior art. *Id.* Critically, however, the plaintiff in *Sipco* had identified the specific, later alternative priority dates in its infringement contentions. *See id.* ("In its [infringement contentions] . . . *Sipco* asserts alternatively that the priority dates for both patents is November 12, 2009"). Plaintiff here suggests that this notice was irrelevant to the reasoning in *Sipco*, but the Court is not persuaded. It is this prior notice of specific—though different—priority dates, that allowed the defendant to prepare its defense strategy.

5

*Second*, and relatedly, Plaintiff suggests that Defendant is not prejudiced by this alternative February 2, 2007, priority date, because the draft patent applications were produced and referenced in Plaintiff's supplemental interrogatory response in May and June 2018. *See* Dkt. No. 208 at 7–8. And fact discovery did not close until January 17, 2019. *See* Dkt. No. 80. Plaintiff suggests that Defendant had ample time to adjust its litigation strategy, to the extent necessary, based on this information. However, Plaintiff did not indicate in its infringement contentions that it intended to rely on different, or intermediate, priority dates. Nor did it do so in its supplemental interrogatory responses, which only noted that "[t]he inventors' conception is further shown, along with constructive reduction to practice, by draft patent applications and claims prepared before the dates" of Defendant's proffered prior art references. *See id.* at 14. Defendant should not have to surmise Plaintiff's shifting priority date(s) and infringement theories based on an oblique reference made in discovery or by piecing together documents that Plaintiff produced. Absent an amendment, Defendant was within its right to rely on the March 10, 2005, priority date that Plaintiff disclosed in its infringement contentions.

Having failed to amend its infringement contentions, Plaintiff cannot use Dr. Metzker's expert report—served several months after the close of fact discovery—to introduce a new priority date for the asserted claims. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, No. 5:12-cv-630-LHK-PSG, 2014 WL 173409, at *1 (N.D. Cal. Jan. 9, 2014) ("Expert reports may not introduce theories not set forth in contentions."). The resulting prejudice is apparent, as Defendant "selected particular intervening prior art based on the March 10, 2005 priority date" and "did not pursue evidence in discovery to challenge that the inventors conceived of the invention as of the February 2, 2007 date." *See* Dkt. No. 230 at 8–9; *see also Adobe Sys. Inc. v. Wowza Media Sys.*, No. 11–cv–02243–JST, 2014 WL 709865, at *15, n.7 (N.D. Cal. Feb. 23, 2014) (declining to require a showing of prejudice "because prejudice is inherent in the assertion of a new theory after discovery has closed, and because to impose such a burden would create an incentive for late disclosure").[2]

---

[2] To the extent Plaintiff also argues that Defendant's motion to strike is an improper second motion for summary judgment, *see* Dkt. No. 208 at 2, 14, the Court is not persuaded. This is not a

### B. Attorney-Client Privilege Exception

During the hearing Plaintiff raised a new argument in opposition to Defendant's motion to strike, suggesting that there should be some exception to the requirements of Patent Local Rule 3-1 based on attorney-client privilege. *See* Hearing Tr. at 47:24–53:3. Plaintiff argued that it should not be required "to make decisions with respect to privilege waiver up front at that initial stage before seeing the prior art at issue and what priority dates may be in play." *Id.* at 48:6–10, 14–22.

Although Plaintiff noted in passing in its opposition that it decided to waive privilege over the draft patent applications after receiving Defendant's invalidity contentions, *see* Dkt. No. 208 at 9, it did not argue that this was a distinct basis for denying Defendant's motion to strike. By raising this argument for the first time at oral argument, Plaintiff deprived Defendant of the opportunity to respond. The Court finds that it would be improper to address this belated argument as a basis for denying Defendant's motion. *See* Civil L.R. 7-3(d) (limiting the circumstances in which supplemental material may be proffered after the date the opposition or reply brief was filed); *cf. Cedano–Viera v. Ashcroft*, 324 F.3d 1062, 1066, n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief.").

Nevertheless, even if the Court were to consider it, the Court has already explained at length that the Patent Local Rules are designed so that the patent holders must "crystallize" their theories of the case early in the course of litigation. *See, e.g.*, *Bender*, 2010 WL 363341, at *1; *OpenTV, Inc.*, 2016 WL 3196643, at *3. The Court sees no reason why such early determinations should not include issues of privilege waiver, to the extent they are implicated. Plaintiff as the patent holder should already know the conception date of the patented inventions, even before filing the action, and it should not be an onerous burden to disclose this as required under the Patent Local Rules. The Court declines to adopt an exception to the Patent Local Rules that would encourage patent holders to evade their disclosure requirements by claiming privilege until they are certain of the other parties' litigation strategy.

//

---

factual dispute about the priority date of the '640 and '539 Patents, but rather a procedural question about Plaintiff's compliance with the Patent Local Rules.

7

## IV. CONCLUSION

Plaintiff did not disclose the February 2, 2007, priority date in its infringement contentions. Plaintiff could not amend this deficiency through Dr. Metzker's rebuttal report. Accordingly, the Court **GRANTS** the motion and **STRIKES** the portions of Dr. Metzker's rebuttal report that contain or refer to a February 2, 2007, priority date. Plaintiff is further precluded from arguing that the asserted claims are entitled to a priority date earlier than July 17, 2007, other than its properly disclosed March 10, 2005, date.

**IT IS SO ORDERED.**

Dated: 4/10/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge