UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLEXXIKON INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>    Defendant. | Case No. 17-cv-04405-HSG<br><br>**ORDER DENYING MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF DEFENDANT'S TECHNICAL EXPERTS**<br><br>Re: Dkt. No. 165 |

Pending before the Court is Plaintiff Plexxikon Inc.'s motion to exclude certain opinions and testimony of Defendant Novartis Pharmaceuticals Corporation's technical experts. Dkt. No. 165. The Court heard argument on this motion on November 1, 2019. *See* Dkt. No. 341. As detailed below, the Court **DENIES** the motion.

**I.  BACKGROUND**

Plaintiff challenges portions of the expert reports and the anticipated testimony of three of Defendant's technical experts: Dr. Phil S. Baran; Dr. Swaminathan Natarajan; and Dr. Andrew Jennings. Dkt. No. 165. Plaintiff does not appear to question the credentials of the three experts, but instead contends that they have applied incorrect legal standards in reaching their ultimate conclusions that U.S. Patent Nos. 9,469,640 (the '640 Patent) and U.S. Patent No. 9,844,539 (the '539 Patent) are invalid, anticipated, and obvious and lack written description, utility, and enablement. *Id.* Plaintiff points to excerpts from their respective depositions in which the experts did not articulate the correct legal standard and on this basis seeks to limit their testimony to the underlying factual opinions set out in their reports. *Id.* During the hearing on this motion, Plaintiff clarified that its primary concern is that if the Court allows Drs. Baran, Natarajan, and Jennings to testify about the ultimate conclusions in their expert reports, they will usurp the role of

the jury, who will simply hear "I, a world-class expert in medicinal chemistry, have considered the question that you, the jury, are tasked with deciding, and I have concluded that the patent is invalid." *See* Dkt. No. 341 ("Hearing Tr.") at 56:21–57:24.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 allows a qualified expert to testify "in the form of an opinion or otherwise" where:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Expert testimony is admissible under Rule 702 if it is both relevant and reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). "[R]elevance means that the evidence will assist the trier of fact to understand or determine a fact in issue." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007); *see also Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) ("The requirement that the opinion testimony assist the trier of fact goes primarily to relevance.") (quotation omitted).[1] Under the reliability requirement, the expert testimony must "ha[ve] a reliable basis in the knowledge and experience of the relevant discipline." *Primiano*, 598 F.3d at 565. To ensure reliability, the Court "assess[es] the [expert's] reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance." *Id.* at 564.

## III. DISCUSSION

Plaintiff's concern about the anticipated testimony of Drs. Baran, Natarajan, and Jennings appears to be twofold: *First*, that these technical experts did not apply the correct legal standards when drawing their conclusions. *Second*, that it would be prejudicial to allow them to usurp the jury's role by opining on legal conclusions at trial. The Court does not believe a *Daubert* motion

---

[1] Whether to admit expert testimony is evaluated "under the law of the regional circuit," so in this case, under the law of the Ninth Circuit. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391 (Fed. Cir. 2003).

to exclude their anticipated testimony is the proper vehicle for raising such concerns.

Plaintiff first points out that "[i]ncorrect statements of law are no more admissible through 'experts' than are falsifiable scientific theories." *See* Dkt. No. 165 at 9 (citing *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996) (noting the court's gatekeeping authority to preclude incorrect statements of law that were "announced by a patent law expert witness")). As an initial matter, the Court is not persuaded that Defendant's experts are seeking to introduce incorrect statements of the law. For example, Plaintiff repeatedly states that Defendant's technical experts failed to apply the presumption of validity. *See* 35 U.S.C. § 282 ("A patent shall be presumed valid" and "[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity."). However, the presumption of validity merely provides a burden and standard of proof. Defendant must establish the invalidity of the '640 and '539 Patents by clear and convincing evidence. *See Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 101–14 (2011) (holding that the presumption of validity incorporates a heightened clear-and-convincing evidence standard). The Court does not see how knowledge of this burden and standard of proof is a necessary component of the technical experts' analysis.

Even assuming Defendant's technical experts misunderstood some applicable law and had difficulty articulating it at their depositions, they are not proffered as legal experts and they will not be tasked with determining what the law is. The Court will instruct the jury on the correct legal standards. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("[I]nstructing the jury as to the applicable law is the distinct and exclusive province of the court.") (quotation omitted). Moreover, Plaintiff will have the opportunity to address any outstanding concerns through "[v]igorous cross-examination" and "presentation of contrary evidence." *Daubert*, 509 U.S. at 595.

As to Plaintiff's secondary concern, the Ninth Circuit has held that "an expert witness cannot give an opinion as to her legal conclusion, *i.e.*, an opinion on an ultimate issue of law." *See Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002). Thus, although an expert witness may give opinion testimony that embraces an ultimate issue to be decided by the jury, that expert may not express a legal opinion as to the ultimate legal issue. *Id.*;

*see also* Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue.").

The Court is not aware of any exception to this fundamental principle of evidence in the context of patents. *Cf. Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 991 n.4 (Fed. Cir. 1995) (Mayer, J., concurring) ("'A patent law expert's opinion on the ultimate legal conclusion is neither required nor indeed 'evidence' at all.'") (quoting *Nutrition 21 v. United States*, 930 F.2d 867, 871, n.2 (Fed. Cir. 1991)). No expert will be permitted to testify on ultimate legal conclusions. Nevertheless, the Court finds no reason to fashion such an order based on—and limited to—the anticipated testimony of Dr. Baran, Dr. Natarajan, and Dr. Jennings. At trial the Court will have the opportunity to evaluate any objections in context. *Cf. Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1041 (Fed. Cir. 2017) ("To determine if an expert's statement is directed to factual findings or the legal conclusion of obviousness, we look to the statement not in isolation, but in the context of the whole declaration.").

## IV.  CONCLUSION

Accordingly, the Court **DENIES** the motion.

**IT IS SO ORDERED.**

Dated: 5/8/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge