UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLEXXIKON INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>        Defendant. | Case No. 17-cv-04405-HSG<br><br>**ORDER DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 344, 390 |

Pending before the Court are Defendant Novartis Pharmaceuticals Corporation's administrative motions to file under seal portions of documents in connection with its request to file a second motion for summary judgment as well as its objections to the Special Master's recommendation regarding Plaintiff Plexxikon Inc.'s motion in limine. *See* Dkt. Nos. 344, 390. For the reasons detailed below, the Court **DENIES** the motions to file under seal.

### I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations

omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

//

//

## II. DISCUSSION

The Court applies the lower good cause standard for those documents related to Defendant's request to file a second motion for summary judgment[1] and the parties' motions in limine.

As indicated in the table below, the only proffered justification for sealing many of the documents is that the information was designated as "highly confidential" by either Plaintiff or Defendant. But a designation of confidentiality is not sufficient to establish that a document is sealable. *See* Civ. L. R. 79-5(d)(1)(A). "Confidential" is merely the parties' initial designation of confidentiality to establish coverage under the stipulated protective order. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)). Thus, many of the parties' motions do not comply with Civil Local Rule 79-5(d)(1)(A). In addition, in many instances the designating party for the materials did not comply with Civil Local Rule 79-5(e)(1), because they did not file a declaration within four days of the motion. *See* Civ. L.R. 79-5(e)(1). The Court finds that sealing is not warranted as to those documents.

As to the others, Defendant offers nothing more than a conclusory explanation that the documents contain either "highly confidential deposition testimony" or "highly confidential information of Novartis." *See* Dkt. No. 390-1. This is insufficient. Critically, Defendant provides no explanation why this information is "highly confidential." Thus, the Court finds that Defendant has not established good cause to grant the motion to file under seal.

//

//

---

[1] The Court further notes that it did not rely the documents that are the subject of Defendant's second motion for summary judgment because the Court ultimately denied Defendant's request to file this motion. *See* Dkt. No. 361.

| Docket No. Public /(Sealed) | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| **Dkt. No. 344 – DENIED** | | | |
| Dkt. No. 345-2/ (344-4) | Defendant's Notice of Motion and Second Motion for Summary Judgment | p. 7, ll. 19–28<br>p. 8, ll. 1–3, 18–26<br>p. 10, ll. 14–27<br>p. 11, ll. 1–11, 13–23, 25–27<br>p. 12, ll. 2–14, 16–28<br>p. 13, ll. 1–17, 18–27<br>p. 14, ll. 1–6, 9–14, 17–27<br>p. 15, ll. 2–4, 12–16\<br>p. 19, ll. 26–28<br>p. 21, ll. 22–26<br>p. 22, ll. 1–2, 5–8 | **DENIED**<br>(No supporting declaration filed.  *See* Civ. L.R. 79-5(e)(1).) |
| Dkt. No. 345-7/ (344-5) | Declaration of Thomas P. Steindler In Support of Defendant's Second Motion for Summary Judgment, Exhibit C | Entire Document | **DENIED**<br>(No supporting declaration filed.  *See* Civ. L.R. 79-5(e)(1).) |
| Dkt. No. 345-8/ (344-6) | Declaration of Thomas P. Steindler In Support of Defendant's Second Motion for Summary Judgment, Exhibit D | Entire Document | **DENIED**<br>(No supporting declaration filed.  *See* Civ. L.R. 79-5(e)(1).) |
| Dkt. No. 345-10/ (344-7) | Declaration of Thomas P. Steindler In Support of Defendant's Second Motion for Summary Judgment, Exhibit F | Entire Document | **DENIED**<br>(No supporting declaration filed.  *See* Civ. L.R. 79-5(e)(1).) |
| Dkt. No. 345-11/ (344-8) | Declaration of Thomas P. Steindler In Support of Defendant's Second Motion for Summary Judgment, Exhibit G | Entire Document | **DENIED**<br>(No supporting declaration filed.  *See* Civ. L.R. 79-5(e)(1).) |
| Dkt. No. 345-13/ (344-9) | Declaration of Thomas P. Steindler In Support of Defendant's Second Motion for Summary Judgment, Exhibit I | Entire Document | **DENIED**<br>(No supporting declaration filed.  *See* Civ. L.R. 79-5(e)(1).) |
| Dkt. No. 345-14/ | Declaration of Thomas P. | Entire Document | **DENIED** |

| | | | |
|---|---|---|---|
| (344-10) | Steindler In Support of Defendant's Second Motion for Summary Judgment, Exhibit J | | (No supporting declaration filed.  *See* Civ. L.R. 79-5(e)(1).) |
| Dkt. No. 345-15/ (344-11) | Declaration of Thomas P. Steindler In Support of Defendant's Second Motion for Summary Judgment, Exhibit K | Entire Document | **DENIED** (No supporting declaration filed.  *See* Civ. L.R. 79-5(e)(1).) |
| Dkt. No. 345-16/ (344-12) | Declaration of Thomas P. Steindler In Support of Defendant's Second Motion for Summary Judgment, Exhibit L | Entire Document | **DENIED** (No supporting declaration filed.  *See* Civ. L.R. 79-5(e)(1).) |
| **Dkt. No. 390 – DENIED** | | | |
| Dkt. No. 389-8 / (390-3) | Declaration of Thomas P. Steindler in Support of Defendant Novartis Pharmaceutical Corporation's Objections To The Special Master's Report And Recommendation, Ex. C-4 | Entire document | **DENIED** (Defendant states, in conclusory fashion, that the document "contains highly confidential deposition testimony."  *See* Dkt. No. 390-1.  This generic explanation is insufficient to establish good cause.) |
| Dkt. No. 389-14 / (390-4) | Declaration of Thomas P. Steindler in Support of Defendant Novartis Pharmaceutical Corporation's Objections To The Special Master's Report And Recommendation, Ex. C-10 | Entire document | **DENIED** (Defendant states, in conclusory fashion, that the document "contains highly confidential deposition testimony."  *See* Dkt. No. 390-1.  This generic explanation is insufficient to establish good cause.) |
| Dkt. No. 389-15 / (390-5) | Declaration of Thomas P. Steindler in Support of Defendant Novartis Pharmaceutical Corporation's Objections To The Special Master's | Entire document | **DENIED** (Defendant states, in conclusory fashion, that the document "contains highly confidential |

5

| | | | |
|---|---|---|---|
| | Report And Recommendation, Ex. C-11 | | information of Novartis." *See* Dkt. No. 390-1.  This generic explanation is insufficient to establish good cause.) |
| Dkt. No. 389-16 / (390-6) | Declaration of Thomas P. Steindler in Support of Defendant Novartis Pharmaceutical Corporation's Objections To The Special Master's Report And Recommendation, Ex. C-12 | Entire document | **DENIED** (Defendant states, in conclusory fashion, that the document "contains highly confidential information of Novartis." *See* Dkt. No. 390-1.  This generic explanation is insufficient to establish good cause.) |
| Dkt. No. 389-17 / (390-7) | Declaration of Thomas P. Steindler in Support of Defendant Novartis Pharmaceutical Corporation's Objections To The Special Master's Report And Recommendation, Ex. C-13 | Entire document | **DENIED** (Defendant states, in conclusory fashion, that the document "contains highly confidential information of Novartis." *See* Dkt. No. 390-1.  This generic explanation is insufficient to establish good cause.) |
| Dkt. No. 389-18 / (390-8) | Declaration of Thomas P. Steindler in Support of Defendant Novartis Pharmaceutical Corporation's Objections To The Special Master's Report And Recommendation, Ex. C-14 | Entire document | **DENIED** (Defendant states, in conclusory fashion, that the document "contains highly confidential deposition testimony." *See* Dkt. No. 390-1.  This generic explanation is insufficient to establish good cause.) |
| Dkt. No. 389-19 / (390-9) | Declaration of Thomas P. Steindler in Support of Defendant Novartis Pharmaceutical Corporation's Objections To The Special Master's | Entire document | **DENIED** (Defendant states, in conclusory fashion, that the document "contains highly confidential |

| | | | |
|---|---|---|---|
| | Report And Recommendation, Ex. C-15 | | deposition testimony." *See* Dkt. No. 390-1.  This generic explanation is insufficient to establish good cause.) |
| Dkt. No. 389-20 / (390-10) | Declaration of Thomas P. Steindler in Support of Defendant Novartis Pharmaceutical Corporation's Objections To The Special Master's Report And Recommendation, Ex. C-16 | Entire document | **DENIED** (Defendant states, in conclusory fashion, that the document "contains highly confidential deposition testimony." *See* Dkt. No. 390-1.  This generic explanation is insufficient to establish good cause.) |

### III. CONCLUSION

The Court **DENIES** the administrative motions to file under seal.  The Court **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied, as indicated in the chart above, within seven days from the date of this order.

**IT IS SO ORDERED.**

Dated:  11/30/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge