UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLEXXIKON INC., <br><br>    Plaintiff, <br><br> v. <br><br> NOVARTIS PHARMACEUTICALS CORPORATION, <br><br>    Defendant. | Case No. 17-cv-04405-HSG <br><br> **ORDER DENYING PLAINITFF'S MOTIONS IN LIMINE NO. 2 AND 3 AND GRANTING DEFENDANT'S MOTION IN LIMINE NO. 1** <br><br> Re: Dkt. Nos. 260, 262, 268 |

The Court rules on the pending motions in limine ("MIL") described below as follows, and will continue to issue rulings on the remaining MILs on a rolling basis.

## I. PLAINTIFF'S MIL NO. 2

Plaintiff Plexxikon Inc.'s MIL No. 2 seeks an order precluding the "denigration" of the United States Patent and Trademark Office ("USPTO"). Dkt. No. 260.

The parties agree that the Court should show the jury the Federal Judicial Center video routinely shown in patent cases. Dkt. No. 260 at 2; Dkt. No. 284 at 1. That video directly introduces the concepts that "there is of course the possibility that mistakes were made or important information overlooked," and that "[e]xaminers have a lot of work to do and no process is perfect." Dkt. No. 284 at 1 (quoting FJC video). These concepts are thus fair game at trial, and Defendant Novartis Pharmaceuticals Corporation confirms that it does not "intend to disrespect or denigrate" the USPTO. *Id.* The Court will carefully scrutinize any evidence offered by either side on these issues at trial, and may limit such evidence based on application of the principles set out in Federal Rule of Evidence 403 and other rules of evidence. But Plaintiff's requested blanket exclusion is unwarranted, and the motion is **DENIED WITHOUT PREJUDICE** to renewed objections to specific testimony at trial.

## II. PLAINTIFF'S MIL NO. 3

Plexxikon's MIL No. 3 seeks "to prevent [Defendant] from calling three expert witnesses . . . to offer cumulative testimony regarding the invalidity of the asserted patents." Dkt. No. 262 at 1. Defendant responds that it "does not intend to offer duplicative testimony at trial," Dkt. No. 286 at 1. Without seeing how the testimony is actually offered, the Court cannot sensibly enter the blanket order Plaintiff seeks. *See Apple, Inc. v. Samsung Elec. Co., Ltd.*, No 11-CV-01846-LHK, 2012 WL 2571332, at *11 (N.D. Cal. June 30, 2012) (noting that objections under Fed. R. Evid. § 403 that testimony is needlessly cumulative are "better resolved at trial"). The motion is thus **DENIED WITHOUT PREJUDICE** to renewed objections to specific testimony at trial. Defendant is on notice that the Court disagrees with its assertion that "the exclusion of evidence under FRE 403 is an extraordinary remedy which should be used only sparingly . . . ." Dkt. No. 286 at 2 (*citing Banks v. United States*, 93 Fed. Cl. 41, 50 (2010)). Rule 403 is routinely applied at trial every day in federal courts around the nation, and appropriately allows the Court to exercise its discretion to exclude testimony that is cumulative or would otherwise waste the time of the Court and the jury. The Court will not hesitate to exclude or strike such testimony at trial without further notice or argument.

## III. DEFENDANT'S MIL NO. 1

In its MIL No. 1, Defendant moves for an order under Rule 403 precluding Plaintiff "from presenting evidence or argument relating to Novartis's petitions for IPR and PGR and the PTAB's non-institution decisions." Dkt. No. 268 at 5. The motion is **GRANTED**. A non-institution decision is not a "decision on the merits, any more so than a grant of an IPR is a decision on the merits." *Interdigital Comm's Inc. v. Nokia Corp.*, No. CV 13-10-RGA, 2014 WL 8104167, at *1 (D. Del. Sept. 19, 2014). Accordingly, there is a significant question as to whether non-institution decisions have any meaningful probative weight. And it is clear that the introduction of such decisions often poses a substantial risk of confusing the issues, prejudicing the opposing party, and otherwise unduly consuming trial time. *See Chamberlain Group, Inc. v. Techtronic Industries*, 935 F.3d 1341, 1351–52 (Fed. Cir. 2019) ("[D]istrict courts should . . . exercise caution when admitting evidence of a denial of institution because it may be confusing to the jury and

2

1   prejudicial. . . . [D]enials of institution provide limited probative value that is likely to be

2   outweighed by the prejudice to the opposing party, and limiting instructions to the jury do not

3   necessarily cure the prejudice.").

4         This general rule directly applies here, and the Court finds persuasive the reasoning of the

5   many cases that have excluded non-institution evidence as substantially more prejudicial than

6   probative under Rule 403.  *See, e.g., Finjan, Inc. v. Sophos, Inc.*, No. 14-CV-01197-WHO, 2016

7   WL 4560071, at *14 (N.D. Cal. Aug. 22, 2016) (granting motion to exclude on Rule 403 grounds

8   because "it would take a significant amount of time and effort to adequately explain the relevance

9   and limitations of the PTO proceedings to the jury" and there was "a substantial risk that the jury

10  will improperly substitute its own judgment for the PTO decisions"); *Interdigital Comm's*, 2014

11  WL 8104167 at *1 (same; finding that "the PTAB's actions . . . are of marginal relevance, and the

12  probative value is greatly outweighed by the expenditure of time that would be required to give the

13  jury the full context necessary to fairly evaluate the evidence").

14        All of Plaintiff's purported rationales for a different conclusion fail.  First, Plaintiff cites

15  *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 95 (2011), for the premise that Defendant's

16  "burden is still heavier with respect to issues the Patent Office previously considered."  Dkt. No.

17  292 at 4.  But Plaintiff provides zero authority extending this principle to evidence of non-

18  institution, and as noted above the Federal Circuit made plain post-*Microsoft* in *Chamberlain*

19  *Group* that such evidence "likely" should be excluded.  At bottom, Plaintiff is simply trying to use

20  the fact that "the PTAB rejected that same evidence under an even lower standard," Dkt. No. 292

21  at 4, as conclusive evidence of actual validity, which is the exact problem identified in

22  *Chamberlain Group*.

23        Moreover, Plaintiff's "impeachment" arguments also fail.  Whether the witnesses "took

24  into consideration" or "engaged with" the PTAB's reasoning, *id.* at 5, is irrelevant, because the

25  PTAB's views are not binding in this proceeding.  The current circumstance also is plainly

26  different than the situation in which a *court* previously excluded a witness's testimony.  The Court

27  thus rejects this effort to introduce through the back door evidence that fails to meet the

28

3

requirements of Rule 403.[1]

**IT IS SO ORDERED.**

Dated: 3/26/2021

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Conceivably, these witnesses could say something on direct examination that could straightforwardly open the door to this line of inquiry (*i.e.*, pure impeachment by contradiction, as opposed to the currently-proposed critique based on the inconsistency of the witnesses' testimony with the PTAB's findings). This seems very unlikely, but Defendant is on notice.

4