UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLEXXIKON INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>    Defendant. | Case No. 17-cv-04405-HSG<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE FOR RECONSIDERATION OF MOTIONS TO SEAL**<br><br>Re: Dkt. No. 394 |

Pending before the Court is Plaintiff Plexxikon Inc.'s administrative motion for leave to move for reconsideration of its motions to seal. Dkt. No. 394. For the reasons detailed below, the Court **GRANTS** the motion.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2  scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*
3  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records
4  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
5  without more, compel the court to seal its records." *Id.*

6        Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking
7  to file under seal must submit "a request that establishes that the document, or portions thereof, are
8  privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The
9  request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-
10 5(b). Courts have found that "confidential business information" in the form of "license
11 agreements, financial terms, details of confidential licensing negotiations, and business strategies"
12 satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-
13 MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information
14 "prevent[ed] competitors from gaining insight into the parties' business model and strategy");
15 *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal.
16 June 30, 2015).

17       Records attached to nondispositive motions must meet the lower "good cause" standard of
18 Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
19 tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This
20 requires a "particularized showing" that "specific prejudice or harm will result" if the information
21 is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th
22 Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific
23 examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966
24 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

25 **II.   DISCUSSION**

26       Plaintiff Plexxikon Inc. and Novartis Pharmaceuticals Corporation filed a number of
27 administrative motions to file under seal in connection with their summary judgment, *Daubert*,
28 and in limine motions. The Court issued an omnibus order granting in part and denying in part

these motions. *See* Dkt. No. 386. Plaintiff now requests that the Court reconsider this order regarding four specific documents:

- Exhibit 2 to the Declaration of Tom Steindler in Support of Defendant's Motion to Exclude Expert Testimony of Gregory K. Leonard, Ph.D., Dkt. No. 202-3;
- Excerpts of Plaintiff's Opposition to Defendant's Motion to Exclude Expert Testimony of Gregory K. Leonard, Ph.D. ("Leonard Daubert Opposition"), Dkt. No. 325;
- Excerpts of Exhibit 1 to the Declaration of Laura E. Miller in Support of the Leonard Daubert Opposition, Dkt. No. 325-2; and
- Exhibit 1 to the Declaration of Laura E. Miller in Support of Plaintiff's Motion to Exclude the Opinions and Testimony of James E. Malackowski, Dkt. No. 169-2.

Plaintiff acknowledges that it belatedly filed declarations to establish that these documents contain sealable information regarding Plaintiff's trade secrets and licensing information. *See* Dkt. Nos. 314-2, 394-1.

Having considered these declarations and Plaintiff's argument, the Court finds that Plaintiff has met the standard for reconsideration pursuant to Civil L.R. 7-9(b). The Court applies the lower good cause standard for these documents because they relate to the parties' *Daubert* motions. The Court finds that Plaintiff has narrowly tailored its requested redactions to confidential and proprietary licensing information. The public release of these documents could give non-party competitors an unfair advantage in future licensing negotiations with Plaintiff and Plaintiff's business partners. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (ordering sealing where documents could be used "'as sources of business information that might harm a litigant's competitive standing'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Thus, the Court finds that Plaintiff has established good cause to seal the documents as detailed in the table below. *See, e.g.*, *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-

3

CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012).

| Docket No. Public/ (Sealed) | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| Dkt. No. 202-3/ (Dkt. No. 201-6) | Exhibit 2 to the Declaration of Tom Steindler in Support of Defendant's Motion to Exclude Expert Testimony of Gregory K. Leonard, Ph.D. | Page 40, ¶¶ 75–76 Page 41, ¶ 76 & footnotes 112, 114, & 115 Page 42, footnotes 117 & 118 | The excerpts contain trade secret and disclose highly confidential licensing information. See Dkt. No. 314-2. |
| Dkt. No. 325/ (Dkt. No. 224-4) | Leonard Daubert Opposition | Page 3, lines 16–22, 23–24, and 26 | The excerpts contain trade secret and disclose highly confidential licensing information. See Dkt. No. 394-1. |
| Dkt. No. 325-2/ (Dkt. No. 224-6) | Exhibit 1 to the Declaration of Laura E. Miller in Support of the Leonard Daubert Opposition | Page 29, ¶ 59 Page 40, ¶ 79 Page 41, footnote 112 Page 42, footnotes 117 & 118 Page 44, ¶ 83 Page 45, ¶¶ 83–85 Page 46, ¶¶ 85–86, footnotes 132–134 Page 47, ¶¶ 86–88, footnote 135 Page 48, ¶¶ 88–89, footnotes 139–140 Page 58, ¶ 102, ¶ 104 Page 59, ¶ 104 Page 60, ¶¶ 106–107 Page 61, ¶¶ 107–109, footnote 185 Page 62, ¶¶ 109–110, footnote 188 Page 65, ¶¶ 113–114, footnote 194 Page 66, ¶ 114 | The excerpts contain trade secret and disclose highly confidential licensing information. See Dkt. No. 394-1. |

| Docket No. Public/ (Sealed) | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| | | Page 81, ¶ 144, footnote 231 | |
| Dkt. No. 169-2/ (Dkt. No. 168-4) | Exhibit 1 to the Declaration of Laura E. Miller in Support of Plaintiff's Motion to Exclude the Opinions and Testimony of James E. Malackowski | Page 101, text Page 102, text & footnote 481 | The excerpts contain trade secret and disclose highly confidential licensing information. *See* Dkt. No. 314-2. |

### III.     CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's motion and orders as follows:

1.     Plaintiff need not file public versions of the Leonard Daubert Opposition and Exhibit 1 in support thereof, properly redacted versions of which are filed at Dkt. Nos. 325 and 325-2, respectively;

2.     The Court directs the clerk to remove Dkt. No. 393-30 from the publicly-available docket; and

3.     Plaintiff is authorized to file public, redacted versions of Exhibit 1 to the Declaration of Laura E. Miller in Support of Plaintiff's Motion to Exclude the Opinions and Testimony of James E. Malackowski and Exhibit 2 to the Declaration of Tom Steindler in Support of Defendant's Motion to Exclude Expert Testimony of Gregory K. Leonard, Ph.D., in lieu of public, unredacted versions of these documents. Plaintiff shall file these redacted documents within seven days from the date of this order.

**IT IS SO ORDERED.**

Dated:  March 31, 2021

HAYWOOD S. GILLIAM, JR.
United States District Judge