UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLEXXIKON INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>    Defendant. | Case No. 17-cv-04405-HSG<br><br>**ORDER DENYING MOTION TO PRECLUDE PLEXXIKON FROM CALLING DR. ZUOSHENG LIU AS A WITNESS AT TRIAL**<br><br>Re: Dkt. No. 494 |

Pending before the Court is Defendant Novartis Pharmaceuticals Corporation's motion to preclude Plaintiff Plexxikon Inc. from calling Dr. Zuosheng Liu as a witness at trial. Dkt. No. 494. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

**I.    DISCUSSION**

Defendant seeks to preclude Plexxikon from calling Dr. Liu as a witness at the upcoming trial.[1] Dkt. No. 494. Dr. Liu is a chemist at the Genomics Institute of the Novartis Research Foundation ("GNF"), part of the global pharmaceutical research organization of the Novartis group. *See* Dkt. No. 494-1, Ex. A ("Liu Depo.") at 9:10–15. Dr. Liu is also one of the inventors of Braftovi, a B-Raf inhibitor that GNF developed but that is not alleged to infringe the asserted

---

[1] As an initial matter, Defendant raised its intention to file this motion at the June 25, 2021 case management conference. *See* Dkt. No. 491. With the July 9 trial date quickly approaching, the Court directed Defendant to file the motion by June 29, and gave Plaintiff until July 2 to respond. *See id.* The Court did not authorize Defendant to file a reply brief as part of the briefing schedule, and Defendant did not seek leave before filing a reply brief on July 3, 2021. *See* Dkt. No. 504. The Court also did not permit replies as to any of the parties' other motions in limine, consistent with its usual practice. The Court therefore **STRIKES** the improper reply brief, and does not consider it as part of this order. Dkt. No. 504.

patents in this case. *Id.* at 10:13–13:23, 94:3–14. Defendant urges that Dr. Liu's testimony is entirely precluded by the Court's prior order regarding Plaintiff's Motion in Limine No. 1 and Defendant's Motions in Limine Nos. 2, 3 and 4. *See* Dkt. No. 475 (the "Order"). As relevant to this motion, in the Order the Court precluded Plaintiff from presenting evidence regarding certain unasserted but related inventions. In particular, the Court precluded Plaintiff from introducing evidence of patents or patent claims that are not asserted in this litigation, except on narrow impeachment grounds, *id.* at 3–4; evidence relating to the chemical structure or development of Braftovi, *id.* at 4–9; and evidence that third-party GlaxoSmithKline or Defendant copied Plaintiff's inventions, *id.* at 9–13. The Court further precluded Plaintiff from introducing evidence in its case-in-chief relating to the "core molecular structure" of Plaintiff's invention, and limited the use of such evidence in rebuttal and on cross-examination. *See id.* at 6–9. The Court concluded, however, that Plexxikon could introduce evidence in rebuttal and during cross-examination that the novel aspects of the claims include some "core molecular structure" and that the efficacy of the claimed compounds arise from this feature. *Id.* at 8–9.

Plaintiff responds that Defendant mischaracterizes the scope of the Order, which did not exclude all testimony from Dr. Liu. *See* Dkt. No. 497. Plaintiff states that it will not run afoul of the Order as properly construed. Rather, it intends to offer Dr. Liu's testimony in support of its arguments that (1) Defendant willfully infringed the asserted patents because it had pre-suit knowledge of them; and (2) the novel aspects of the claims and the efficacy of the claimed compounds arise from a "core molecular structure." *Id.*

*First*, Plaintiff explains that Defendant "insists that it was unaware of the patents-in-suit until the day this lawsuit was filed." *See id.* at 1; *see also id.* at 2–4. However, Plaintiff cites to circumstantial evidence—including Dr. Liu's deposition testimony—that it argues shows that Defendant was aware of the asserted patents. *See id.* Dr. Liu testified, for example, that he and his fellow scientists at GNF monitor patent filings as part of their competitive intelligence efforts. *See* Liu Depo. at 103:11–105:19. Plaintiff further asserts that a foreign patent office provided Novartis AG, Defendant's Swiss parent company, with a search report that listed Plaintiff's patent application as prior art. *See* Dkt. No. 497 at 3. It appears Novartis AG may have shared this

2

information with another one of its subsidiaries because Novartis Vaccines and Diagnostics, Inc. cited Plaintiff's patent application and the search report in its own U.S. patent application. *Id.* at 3–4. Plaintiff also points to a statement from the webpage of Novartis's pharmaceutical research organization that it "collaborate[s] across scientific and organizational boundaries," to suggest that knowledge about Plaintiff's patents within other Novartis entities would have been shared with Defendant. *See* Dkt. No. 494 at 4, 7.

The willful infringement evidence that Plaintiff cites does not relate to unasserted patent claims, Braftovi, or copying, as precluded by the Order. Despite Defendant's urging, the Order did not preclude all evidence regarding willful infringement, nor did it prohibit all testimony from Dr. Liu. Certainly, if Plaintiff attempts to solicit testimony from Dr. Liu that he had knowledge of the Zelboraf patents—and not the asserted patents—such testimony could violate the Order and raise concerns under Rule 403. As the Court explained in the Order, "[m]ere awareness of a patent portfolio is not sufficient to show knowledge of a specific patent." *See* Dkt. No. 475 at 12–13. But at least as framed in its opposition, Plaintiff does not intend to offer Dr. Liu's testimony to conflate knowledge of the Zelboraf patents with knowledge of the asserted patents.

*Second*, Plaintiff explains that Dr. Liu confirmed during his deposition that at GNF, medicinal chemists come up with "core structures" or "scaffolds" that can be "decorated" to produce large groups of molecules that retain the desired properties, but it is the "core structure" that they focus on. *See* Liu Depo. at 24:12–23, 92:21–93:20. Plaintiff argues that this testimony about the way Novartis approaches drug development undermines Defendant's argument that the "core molecular structure" is irrelevant to the efficacy of the claimed compounds. *See* Dkt. No. 494 at 4–5, 8–9.

Although the Court held that Plaintiff may not refer to the "core molecular structure" as its invention in its case-in-chief, the Court explicitly stated that in its rebuttal case and in cross-examination, Plaintiff "may introduce evidence about subcomponents that cause the claimed compounds' effectiveness," including evidence that "the claimed compounds are operable because they contain a 'core molecular structure.'" *See* Dkt. No. 475 at 6–9. Again, as framed, Dr. Liu's limited testimony about drug discovery and development does not violate the Order. The Court

3

understands Defendant's concerns that the excerpts from Dr. Liu's deposition Plaintiff cites are limited and may be taken out of context. But Defendant will have the opportunity to explore the limitations of this evidence at trial. For purposes of this motion, the evidence is relevant and does not raise the specter of undue prejudice or violate any prior order of this Court.

Defendant suggests that Plaintiff is attempting to improperly elicit expert testimony from Dr. Liu. *See* Dkt. No. 494 at 4. But as is clear from his deposition, Dr. Liu is testifying from his own experience at his company (an affiliate of Novartis). As Federal Rule of Evidence 701 states, a lay witness may testify in the form of an opinion that is "rationally based on [his] perception." Fed. R. Evid. 701(a). The advisory committee notes further explain that lay witnesses are permitted to testify based on "the particularized knowledge that the witness has by virtue of his or her position in the business." *See id.*, advisory committee notes to 2000 amendment. Dr. Liu may therefore testify based on his knowledge as a medicinal chemist at GNF.

The Court notes that Plaintiff's theory of the case appears to be continually evolving in response to the Court's pretrial orders, and it does not find Dr. Liu's testimony or the aggregate evidence of willful infringement to be overwhelming by any means. But at this time the jury—not the Court—must weigh the evidence and decide how persuasive it is.

## II. CONCLUSION

Accordingly, the Court **STRIKES** Defendant's unauthorized reply brief, Dkt. No. 504, and **DENIES** the motion, Dkt. No. 494. It should go without saying that the Court will closely monitor the evidence submitted at trial, by either party, on a real-time basis to ensure compliance with the scope of all in limine orders.

//
//
//
//
//
//
//

The Court further notes that Defendant indicated that its motion to seal Dr. Liu's deposition transcript in its entirety is provisional. Dkt. No. 495. To the extent Defendant intends to file a more fulsome and revised motion, it should do so expeditiously, and any revised motion should explain why the proposed redactions are as narrowly tailored as possible. Generic and vague references to "competitive harm" are almost always insufficient justification for sealing.

**IT IS SO ORDERED.**

Dated: July 6, 2021

HAYWOOD S. GILLIAM, JR.
United States District Judge