UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PLEXXIKON INC.,

        Plaintiff,

vs.

NOVARTIS PHARMACEUTICALS CORPORATION,

        Defendant.

Case No. 4:17-cv-04405-HSG

**ORDER REGARDING DEPOSITION DESIGNATIONS**

Re: Dkt. No. 524

As previously ordered (Dkt. No. 527), the Court **OVERRULES** Novartis' objections to Plexxikon's deposition designations (Dkt. No. 524) for the following reasons:

<u>Schwartz Designations 5-10</u>: Christina Schwartz provided an opinion of counsel regarding non-infringement of the asserted patents. The designated deposition testimony shows that she did not evaluate infringement for claim 1 of the '640 Patent. Novartis objects under Rules 402 and 403 because it "stipulated to infringement" of that claim. (Dkt. No. 524.) However, it admits that an opinion of counsel is part of its willfulness defense and that the opinion was provided prior to the stipulation. (*Id.*) Thus, because the nature of Novartis' due diligence—including the process that produced the opinion of counsel—is relevant to willfulness, and the probative value of that evidence is not substantially outweighed by any Rule 403 concerns, the objections are overruled.[1]

<u>Schwartz Designations 42-55</u>: The designated deposition testimony concerns Ms. Schwartz's opinions in *inter partes* review proceedings. Novartis argues that the testimony is

---

[1] Plexxikon is not obligated to wait until after Novartis' case to introduce the evidence; Plexxikon has the burden of proof on willfulness, and an assertedly "fig leaf" opinion letter could suggest willfulness.

1

excluded by the Court's ruling on Novartis' Motion in Limine No. 1, which precluded Plexxikon from "presenting evidence or argument relating to Novartis' petitions for IPR and PGR and the PTAB's non-institution decisions." (Dkt. No. 451 at 2.) The Court disagrees. The designated testimony here does not mention IPR proceedings. Instead, Plexxikon seeks to introduce it to undermine Ms. Schwartz's credibility (and Novartis' reasonable reliance on her opinion) by showing that she did not consider certain facts in forming her opinions. Although this information is hardly overwhelming, Plexxikon may offer it to support its willfulness claim.

Waibel Designations 12-14: Peter Waibel testified about due diligence undertaken as part of the GSK acquisition. Novartis objects that the testimony is speculative and substantially more prejudicial than probative under Rule 403. It also argues that the testimony violates the rule set out in *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1341 (Fed. Cir. 2004) (en banc), because Novartis asserted privilege over the opinion letter provided as part of due diligence. The Court disagrees on all counts. As noted above, the nature of Novartis' due diligence is central to the willfulness issue in this case, and Mr. Waibel's understanding of that analysis is probative. Nor is there a *Knorr-Bremse* issue here: the designated testimony does not mention Novartis' assertion of privilege, so the jury can hardly draw an adverse inference from it, as was forbidden in that case.

Accordingly, the objections are overruled. The Court also rejects Novartis' attempt to add lines 20:25-21:15 to the designation. Under Rule 106, Mr. Waibel's answer about when Novartis first learned of the asserted patents need not in fairness be considered at the same time as the proffered testimony about the due diligence process.

**IT IS SO ORDERED.**

Dated: July 13, 2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

2