**FILED**

JUL 22 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLEXXIKON INC.,<br>    Plaintiff,<br>v.<br>NOVARTIS PHARMACEUTICALS CORPORATION,<br>    Defendant. | Case No. 17-cv-04405-HSG<br><br>**VERDICT FORM** |

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

**Please provide complete answers to all of Questions 1 through 7. Then turn to the Section I Summary Worksheet on page 6 for further directions on how to proceed.**

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

## I. FINDINGS ON INVALIDITY DEFENSES

### A. Written Description Requirement

**QUESTION NO. 1.** Has Novartis proved that it is highly probable that the specification of U.S. Patent No. 9,469,640 does not contain an adequate written description of the invention claimed in claims 1 or 9?

For each of claims 1 and 9, check "YES" (for Novartis) or "NO" (for Plexxikon).

| Claim | YES (for Novartis) | NO (for Plexxikon) |
|---|---|---|
| 1 | | ✓ |
| 9 | | ✓ |

**QUESTION NO. 2.** Has Novartis proved that it is highly probable that the specification of U.S. Patent No. 9,844,539 does not contain an adequate written description of the invention claimed in claims 1, 5, or 7?

For each of claims 1, 5, and 7 check "YES" (for Novartis) or "NO" (for Plexxikon).

| Claim | YES (for Novartis) | NO (for Plexxikon) |
|---|---|---|
| 1 | | ✓ |
| 5 | | ✓ |
| 7 | | ✓ |

Please continue to the next page.

### B. Enablement Requirement

**QUESTION NO. 3.** Has Novartis proved that it is highly probable that the specification of U.S. Patent No. 9,469,640 does not contain a description of the claimed invention that is sufficiently full and clear to enable persons of ordinary skill in the field to make and use the inventions claimed in claims 1 or 9?

For each of claims 1 and 9, check "YES" (for Novartis) or "NO" (for Plexxikon).

| Claim | YES (for Novartis) | NO (for Plexxikon) |
|---|---|---|
| 1 |  | ✓ |
| 9 |  | ✓ |

**QUESTION NO. 4.** Has Novartis proved that it is highly probable that the specification of U.S. Patent No. 9,844,539 does not contain a description of the claimed invention that is sufficiently full and clear to enable persons of ordinary skill in the field to make and use the inventions claimed in claims 1, 5, or 7?

For each of claims 1, 5, and 7 check "YES" (for Novartis) or "NO" (for Plexxikon).

| Claim | YES (for Novartis) | NO (for Plexxikon) |
|---|---|---|
| 1 |  | ✓ |
| 5 |  | ✓ |
| 7 |  | ✓ |

Please continue to the next page.

3

C. Anticipation

QUESTION NO. 5. Has Novartis proven that it is highly probable that claims 1 or 9 of U.S. Patent Nos. 9,469,640 were "anticipated," or, in other words, not new because the claimed invention was already made by GSK in the United States before the date of conception and GSK had not abandoned the invention or kept it secret?

For each of claims 1 and 9, check "YES" (for Novartis) or "NO" (for Plexxikon).

| Claim | YES (for Novartis) | NO (for Plexxikon) |
|---|---|---|
| 1 |  | ✓ |
| 9 |  | ✓ |

QUESTION NO. 6. Has Novartis proven that it is highly probable that claims 1, 5, or 7 of U.S. Patent Nos. 9,844,539 were "anticipated," or, in other words, not new because the claimed invention was already made by GSK in the United States before the date of conception and GSK had not abandoned the invention or kept it secret?

For each of claims 1, 5, and 7 check "YES" (for Novartis) or "NO" (for Plexxikon).

| Claim | YES (for Novartis) | NO (for Plexxikon) |
|---|---|---|
| 1 |  | ✓ |
| 5 |  | ✓ |
| 7 |  | ✓ |

Please continue to the next page.

4

**D.  Obviousness**

If your answer to Question 5, claim 1 was "YES," please answer the below question. If your answer to Question 5, claim 1 was "NO," please go to the next page.

**QUESTION NO. 7.** Has Novartis proved that it is highly probable that a person of ordinary skill in the art would have found the invention claimed in claim 9 of U.S. Patent 9,469,640 obvious over one or more of GSK1916420A, GSK1922959A, GSK2031271A?

Check "YES" (for Novartis) or "NO" (for Plexxikon).

YES _____    NO _____

Please continue to the next page.

## SECTION I SUMMARY WORKSHEET

a) If you answered "YES" for <u>every</u> claim listed in Question 1 and <u>every</u> claim listed in Question 2, STOP and turn to page 9.

b) If you answered "YES" for <u>every</u> claim listed in Question 3 and *every* claim listed in Question 4, STOP and turn to page 9.

c) If you answered "YES" for <u>every</u> claim listed in Question 5, "YES" for <u>every</u> claim listed in Question 6, and "YES" for Question 7, STOP and turn to page 9.

d) If you did not answer "YES" as provided in any of (a) through (c) above, then please proceed to Question 8 on the next page.

## II. FINDINGS ON WILLFUL INFRINGEMENT

**QUESTION NO. 8. Has Plexxikon proved by a preponderance of the evidence that Novartis actually knew, intentionally ignored, or recklessly disregarded that its actions constituted infringement of one or more claims of U.S. Patent Nos. 9,469,640 or 9,844,539?**

YES ✓      NO ____

Please continue to the next page.

7

## III. FINDINGS ON DAMAGES

**QUESTION NO. 9.** What sum of money do you find, by a preponderance of the evidence, would fairly and reasonably compensate Plexxikon for Novartis's infringement to date?

$ __177,792,640.01__

Please continue to the next page.

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Courtroom Deputy that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Date: 07/22/21                By: _____

                                   **Presiding Juror**

9