DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
DAVID McGOWAN (SBN 154289)
dmcgowan@durietangri.com
EUGENE NOVIKOV (SBN 257849)
enovikov@durietangri.com
RAGHAV R. KRISHNAPRIYAN (SBN 273411)
rkrishnapriyan@durietangri.com
HANNAH JIAM (SBN 312598)
hjiam@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

DURIE TANGRI LLP
KIRA A. DAVIS (SBN 332874)
kdavis@durietangri.com
ANDREW T. JONES (SBN 313619)
ajones@durietangri.com
KATHERINE E. McNUTT (SBN 320128)
kmcnutt@durietangri.com
WHITNEY O'BYRNE (SBN 325698)
wobyrne@durietangri.com
953 East 3rd Street
Los Angeles, CA 90013
Telephone:   213-992-4499
Facsimile:   415-236-6300

Attorneys for Plaintiff
PLEXXIKON INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PLEXXIKON INC.,<br><br>                   Plaintiff,<br><br>    v.<br><br>NOVARTIS PHARMACEUTICALS<br>CORPORATION,<br><br>                  Defendant. | Case No. 4:17-cv-04405-HSG<br><br>**DECLARATION OF EUGENE NOVIKOV IN SUPPORT OF PLEXXIKON INC.'S BILL OF COSTS**<br><br>Ctrm:   2 – 4th Floor<br>Judge:   Honorable Haywood S. Gilliam, Jr. |

I, Eugene Novikov, declare as follows:

1.      I am an attorney at law licensed to practice in the state of California.  I am an attorney with the law firm of Durie Tangri LLP, counsel for Plaintiff Plexxikon Inc. ("Plexxikon") in this matter. I make this Declaration from personal knowledge, and if called to testify, I could and would testify competently thereto.

2.      On July 22, 2021, the jury returned a verdict in Plexxikon's favor on every issue, finding that Novartis Pharmaceuticals Corporation ("Novartis") willfully infringed each of Plexxikon's asserted patent claims and that none of those claims are invalid.  (ECF No. 565).  The Court entered judgment for Plexxikon on September 17, 2021.  (ECF No. 580).  Therefore, Plexxikon is the prevailing party and is entitled to recover costs pursuant to Fed. R. Civ. P. 54(d)(1).

3.      The costs in Plexxikon's Bill of Costs are correctly stated, were necessarily incurred in this action, and are allowable by law.  The services for which fees have been charged were actually and necessarily performed.  The items in Plexxikon's Bill of Costs are fairly attributable to Plexxikon's prosecution of its claims and defense of Novartis's counterclaims and are recoverable by Plexxikon under 28 U.S.C. § 1920, Local Rule 54-3, and relevant statute and case law.  These costs are described below and supported by documents in the attached exhibits. The highlighted line items on the invoices reflect the costs sought to be taxed, prorated as discussed in footnote 1 below.

4.      A spreadsheet itemizing the recoverable costs that Plexxikon incurred in prosecution of its claims and defense of Novartis's counterclaims is attached as Exhibit A.  Exhibit A also includes true and correct copies of invoices, highlighted to identify line items for costs that Plexxikon seeks to recover. The spreadsheet assigns each unique invoice its own item number, with the item numbers affixed to the upper-right hand corner of each invoice.

5.      For deposition transcript costs, Plexxikon has excluded the cost of expediting delivery of transcripts and seeks only those costs that it would have incurred to obtain the transcripts on a standard delivery schedule.

a.      I understand that Exhibit B, included herewith, describes Planet Depos' standard delivery costs for copies of deposition transcripts for Item Nos 6, 20, 25, 26, and 28–30 in the above-captioned matter.  Plexxikon has prorated the costs in Item Nos. 6, 20, 25, 26, and 28–30 in accordance

with the standard delivery costs described in Exhibit B.

      b.     The Declaration of Andy Fredericks, included herewith, describes Veritext's standard delivery costs for the deposition transcripts in Item Nos. 11, 14, 21, 22, and 24 in the above-captioned matter.  Plexxikon has prorated the costs in Item Nos. 11, 14, 21, 22, and 24, and seeks recovery of costs for deposition transcripts in those items in accordance with the Declaration of Andy Fredericks.

      6.     For costs for the reproduction and exemplification of visual aids, Plexxikon seeks to recover only those costs actually incurred and reasonably necessary for trial.

      a.     Plexxikon's trial demonstratives were necessary to facilitate the jury's understanding of the complex issues in this case.  Plexxikon seeks recovery of costs only for the actual preparation of demonstratives and has excluded costs associated with the intellectual effort involved in their preparation such as meetings with attorneys.

      b.     Plexxikon also seeks recovery of costs for the in-court time required of its technician, whose technical assistance was necessary to present trial demonstratives to the jury.  His in-court time in the presence of the jury is described in the Declaration of Brian Lee, included herewith.

      c.     The costs in Item 67 were incurred for production of jury notebooks necessary to facilitate the jury's comprehension of the issues in the above-captioned matter.  The jury notebooks contained copies of the asserted patents, photographs of the witnesses, and pages for the jury to take notes during the trial.

      7.     The reporter's transcript costs reflect the cost of obtaining a trial transcript necessary for litigation of the above-captioned case and necessary for appeal.  Real-time transcription and daily trial transcripts were necessarily obtained in the above-captioned case due to the scope and door-opening issues presented by the Court's rulings on the motions in limine, and because the Court required the parties to raise objections and motions promptly.

      8.     For reproduction and exemplification costs for e-discovery, Plexxikon has excluded all hosting fees.  Plexxikon seeks recovery of only those costs associated with the reproduction and preparation of documents for production, as reflected in the declaration of Melanie Antoon, included herewith.

9.      Plexxikon seeks the amount of $153,199.37 in costs.

I declare under penalty of perjury that the foregoing is to the best of my knowledge and belief true and correct.  Executed on October 5, 2021 in San Francisco, California.


_____
*/s/ Eugene Novikov*
EUGENE NOVIKOV

DECLARATION OF EUGENE NOVIKOV IN SUPPORT OF PLEXXIKON INC.'S BILL OF COSTS /
CASE NO. 4:17-CV-04405-HSG

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 5, 2021 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Eugene Novikov*
EUGENE NOVIKOV

DECLARATION OF EUGENE NOVIKOV IN SUPPORT OF PLEXXIKON INC.'S BILL OF COSTS /
CASE NO. 4:17-CV-04405-HSG