UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLEXXIKON INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>　　　　Defendant. | Case No. 17-cv-04405-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 499, 539, 542, 583, 596 |

Pending before the Court are Plaintiff Plexxikon Inc.'s administrative motions to file under seal portions of documents in connection with its opposition to Defendant Novartis Pharmaceuticals Corporation's motion to exclude expert witnesses at trial; trial disputes about the admissibility of evidence; and the parties' post-trial motions. *See* Dkt. Nos. 499, 539, 542, 583, 596. For the reasons detailed below, the Court **DENIES** Dkt. Nos. 499, 539, and 542; and **GRANTS IN PART** and **DENIES IN PART** Dkt. Nos. 583 and 596.

**I.   LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the

1  general history of access and the public policies favoring disclosure, such as the public interest in
2  understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations
3  omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in
4  disclosure and justify sealing court records exist when such 'court files might have become a
5  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
6  scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*
7  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records
8  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
9  without more, compel the court to seal its records." *Id.*

10  Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking
11  to file under seal must submit "a request that establishes that the document, or portions thereof, are
12  privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The
13  request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-
14  5(b). Courts have found that "confidential business information" in the form of "license
15  agreements, financial terms, details of confidential licensing negotiations, and business strategies"
16  satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-
17  MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information
18  "prevent[ed] competitors from gaining insight into the parties' business model and strategy");
19  *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal.
20  June 30, 2015).

21  Records attached to nondispositive motions must meet the lower "good cause" standard of
22  Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
23  tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This
24  requires a "particularized showing" that "specific prejudice or harm will result" if the information
25  is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th
26  Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific
27  examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966
28  F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

As indicated in the table below, the only proffered justification for sealing many of the documents is that Defendant or third parties designated information as "highly confidential." But a designation of confidentiality is not sufficient to establish that a document is sealable. *See* Civ. L. R. 79-5(c). "Confidential" is merely the parties' initial designation of confidentiality to establish coverage under the stipulated protective order. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)). Thus, in many instances the designating party for the materials did not comply with Civil Local Rule 79-5(f)(3), because they did not file a declaration within seven days of the motion. The Court therefore finds that sealing is not warranted as to those documents.

Plaintiff also seeks to file under seal portions of documents and exhibits that the Court has previously found sealable. The Court adopts the rationale it articulated earlier in finding these materials sealable, and grants the motions to seal as to these documents.

Lastly, third parties GlaxoSmithKline PLC and GlaxoSmithKline LLC seek to seal portions of documents that reference confidential and proprietary business, pharmaceutical research and development, and licensing information. The Court finds that GSK has established compelling reasons to seal these documents, as detailed in the chart below. The public release of these documents could give non-party competitors an unfair advantage in the development, marketing, or licensing of rival products. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (ordering sealing where documents could be used "'as sources of business information that might harm a litigant's competitive standing'") (quoting *Nixon*, 435 U.S. at 598).

//
//
//
//

| Docket No. Public /(Sealed) | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| **Dkt. No. 499 – DENIED** | | | |
| Dkt. No. 497/ (499-4) | Plexxikon's Opposition to Novartis's Motion to Preclude Plexxikon from Calling Dr. Zuosheng Liu as a Witness at Trial | p. 2:9–10<br>p. 4:10–16<br>p. 5:7–11 | **DENIED**<br>(No supporting declaration filed. *See* Civ. L.R. 79-5(f)(3).) |
| **Dkt. No. 539 – DENIED** | | | |
| Dkt. No. 538 / (539-2) | July 13, 2021 Joint Statement Regarding Evidence of GSK's Use of Plexxikon Work and of GSK's Patents | p. 2:26–28, & n.1<br>p. 3:10<br>p. 5:2–3, 15–20 | **DENIED**<br>(No supporting declaration filed. *See* Civ. L.R. 79-5(f)(3).) |
| Dkt. No. 538-3 / (539-4) | Exhibit 2 to the Declaration of Daralyn J. Durie in Support of July 13, 2021 Joint Statement Regarding Evidence of GSK's Use of Plexxikon Work and of GSK's Patents | Entire Document | **DENIED**<br>(No supporting declaration filed. *See* Civ. L.R. 79-5(f)(3).) |
| **Dkt. No. 542 – DENIED** | | | |
| Dkt. No. 543 / (542-4) | Plaintiff Plexxikon, Inc.'s Response to Novartis's Proffer of Testimony of Dr. Tara Rheault | p. 2:15–17, 26–28, & n.2<br>p. 3:17–18, 25–27, & n.3 | **DENIED**<br>(No supporting declaration filed. *See* Civ. L.R. 79-5(f)(3).) |
| Dkt. No. 543-3, 543-4 / (542-5, 542-6) | Exhibits 2 and 3 to the Declaration of Daralyn J. Durie in Support of Plaintiff Plexxikon, Inc.'s Response to Novartis's Proffer of Testimony of Dr. Tara Rheault | Entire Documents | **DENIED**<br>(No supporting declaration filed. *See* Civ. L.R. 79-5(f)(3).) |
| **Dkt. No. 583 – GRANTED IN PART and DENIED IN PART** | | | |
| Dkt. No. 585 / (583-4) | Plaintiff Plexxikon, Inc.'s Motion for Enhanced Damages | p. 3:22–25<br>p. 7:3, 5–7<br>p. 17:16–23 | **GRANTED IN PART AND DENIED IN PART**<br>(The following excerpts disclose proprietary pharmaceutical research and development, and licensing information:<br>• p. 3:22–25 |

| | | | |
|---|---|---|---|
| | | | • p. 17:16–23<br>*See* Dkt. No. 588.) |
| Dkt. No. 585-11 / (583-6) | Exhibit 10 to the Declaration of Hannah Jiam in Support of Plaintiff Plexxikon, Inc.'s Motion for Enhanced Damages | Entire Document | **DENIED**<br>(No supporting declaration filed. *See* Civ. L.R. 79-5(f)(3).) |
| Dkt. No. 585-13 / (583-8) | Exhibit 12 Declaration of Hannah Jiam In Support of Plaintiff Plexxikon, Inc.'s Motion For Enhanced Damages | p. 1:9–10<br>p. 2:6–9<br>p. 3:16–20, 22–25<br>p. 4:2–7, 11–12, 27–28<br>p. 5:1, 7–9, 12–27<br>p. 6:4–7, 13–15, 17–28<br>p. 7:1–2, 5–25, 27–28<br>p. 8:1–6, 15–17;<br>p. 9:20–25, 27–28<br>p. 10:1–10, 18–22<br>p. 12:26–28<br>p. 13:1–8, 11–13<br>p. 14:2–3, 11–15<br>p. 15:6, 14, 19 | **GRANTED**<br>(Previously sealed by Court order. *See* Dkt. No. 386 at 38.) |
| Dkt. No. 585-14 / (583-10) | Exhibit 13 to the Declaration of Hannah Jiam In Support of Plaintiff Plexxikon, Inc.'s Motion for Enhanced Damages | Entire Document | **GRANTED**<br>(Previously sealed by Court order. *See* Dkt. No. 386 at 29–30.) |
| Dkt. No. 585-24 / (583-12) | Exhibit 23 to the Declaration of Hannah Jiam In Support of Plaintiff Plexxikon, Inc.'s Motion for Enhanced Damages | Entire Document | **DENIED**<br>(No supporting declaration filed. *See* Civ. L.R. 79-5(f)(3).) |
| Dkt. No. 585-28 / (583-14) | Exhibit 27 to the Declaration of Hannah Jiam In Support of Plaintiff Plexxikon, Inc.'s Motion For Enhanced Damages | Entire Document | **DENIED**<br>(No supporting declaration filed. *See* Civ. L.R. 79-5(f)(3).) |
| **Dkt. No. 596 – GRANTED IN PART and DENIED IN PART** | | | |
| Dkt. No. 598-4 / (596-4) | Exhibit 3 to the Declaration of Eugene Novikov in Support of Plaintiff Plexxikon, Inc.'s Opposition to Novartis' Motion for Judgment as a Matter of Law, New Trial, and/or Remittur Pursuant | p. 16:16–24 | **DENIED**<br>(No supporting declaration filed. *See* Civ. L.R. 79-5(f)(3).) |

5

| | | | |
|---|---|---|---|
| | to Federal Rules of Civil Procedure 50 and 59 | | |
| Dkt. No. 598-4 / (596-4) | Exhibit 3 to the Declaration of Eugene Novikov in Support of Plaintiff Plexxikon, Inc.'s Opposition to Novartis' Motion for Judgment as a Matter of Law, New Trial, and/or Remittur Pursuant to Federal Rules of Civil Procedure 50 and 59 | p. 12, n.6<br>p. 21:26–27 | **GRANTED**<br>(The excerpts contain proprietary pharmaceutical research and development information. *See* Dkt. No. 601.) |

### III. CONCLUSION

The Court **DENIES** Dkt. Nos. 499, 539, and 542; and **GRANTS IN PART** and **DENIES IN PART** Dkt. Nos. 583 and 596. Pursuant to Civil Local Rule 79-5(g)(1), documents filed under seal as to which the administrative motions are granted will remain under seal. The Court **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied, as indicated in the chart above, within seven days from the date of this order.

**IT IS SO ORDERED.**

Dated: 3/31/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

6